[Cite as *State v. Jones*, 2012-Ohio-6150.]

| STATE OF OHIO | ) | | IN THE COURT OF APPEALS |
|---|---|---|---|
| | )ss: | | NINTH JUDICIAL DISTRICT |
| COUNTY OF WAYNE | ) | | |

| STATE OF OHIO | | C.A. No. 12CA0024 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| DARIUS JONES | | COURT OF COMMON PLEAS COUNTY OF WAYNE, OHIO |
| Appellant | | CASE No. 06-CR-0467 |

DECISION AND JOURNAL ENTRY

Dated: December 28, 2012

MOORE, Judge.

{¶1} Defendant, Darius Jones, appeals from the judgment of the Wayne County Court of Common Pleas. This Court affirms in part, reverses in part, and remands this matter to the trial court for further proceedings consistent with this opinion.

I.

{¶2} In 2006, Mr. Jones was indicted on one count of possession of crack cocaine, a first degree felony, one count of possession of cocaine, a third degree felony, forfeiture specifications attendant to the first and second counts, and one count of falsification, a first degree misdemeanor. These charges stemmed from a traffic stop of Mr. Jones' car, during which Mr. Jones lied to police officers about his identity, and during which the officers located alleged powder and crack cocaine in his vehicle and on his person. Mr. Jones initially pleaded not guilty to the charges and filed a motion to suppress the evidence, arguing that he did not give the officers consent to search his vehicle. The trial court denied the motion. Thereafter, Mr. Jones

changed his plea to no contest, and, on May 17, 2007, the trial court issued a sentencing entry finding him guilty on all counts, and imposing a total term of incarceration of seven years. Mr. Jones appealed, and we dismissed his appeal for lack of a final, appealable order because the trial court failed to dispose of the forfeiture specifications in the sentencing entry.

{¶3} On July 18, 2007, the trial court entered a forfeiture order requiring forfeiture of the cash found on Mr. Jones' person at the time of his arrest. On June 11, 2008, the trial court issued a nunc pro tunc sentencing entry reflecting a finding of guilt on the forfeiture specifications. Mr. Jones appealed from the nunc pro tunc entry, and this Court affirmed Mr. Jones convictions. *State v. Jones*, 9th Dist. No. 08CA0033, 2009-Ohio-670.

{¶4} In 2009, Mr. Jones filed a motion to withdraw his plea, which the trial court denied. Mr. Jones attempted to appeal from the order denying his 2009 motion, but we dismissed his appeal from that order because it was not timely filed.

{¶5} In 2010, Mr. Jones filed a motion for resentencing, which the trial court denied. Mr. Jones appealed from the order denying his motion. This Court affirmed in part the trial court's ruling; however, we determined that postrelease control had not been properly imposed, and we remanded this matter to the trial court for proper imposition of postrelease control. *State v. Jones*, 9th Dist. No. 10CA0022, 2011-Ohio-1450, ¶ 13. Thereafter, Mr. Jones filed a new motion to vacate his plea. After issuing a resentencing entry on May 19, 2011, which corrected the imposition of postrelease control, the trial court denied Mr. Jones' motion to vacate his plea. Mr. Jones filed a notice of appeal from the resentencing entry in Case No. 11CA0030 and a notice of appeal from the entry denying his motion to vacate his plea in Case No. 11CA0034. Mr. Jones also filed a motion to reopen his appeal in Case No. 08CA0033. We granted his motion to reopen and consolidated Case Nos. 08CA0033, 11CA0030, and 11CA0034.

Thereafter, we determined that the May 21, 2007, June 11, 2008, and May 19, 2011 sentencing entries failed to impose a sentence on the forfeiture specifications. We concluded that these entries were not final, appealable orders, and, accordingly, the entries denying Mr. Jones' motions were interlocutory. Therefore, we dismissed the consolidated appeal for lack of a final, appealable order.

{¶6} On April 6, 2012, the trial court issued a sentencing entry which included a sentence on the forfeiture specifications. Mr. Jones timely appealed, and he now raises eight assignments of error for our review. We have re-ordered certain assignments of error to facilitate our discussion.

## II.

{¶7} Initially, we note that the State has argued that our review of Mr. Jones' arguments is barred by res judicata. "The doctrine of res judicata prevents repeated attacks on a final judgment and applies to all issues that were or might have been previously litigated." (Citations omitted.) *State v. Lowe*, 9th Dist. No. 25475, 2011-Ohio-3355, ¶ 7. However, as set forth above, this Court dismissed Mr. Jones' last attempted appeal based upon our determination that the trial court had not yet issued a final, appealable order. Accordingly, res judicata does not bar Mr. Jones' challenges to the April 6, 2012 sentencing entry, and we will proceed to discuss his arguments on the merits.

## <u>ASSIGNMENT OF ERROR VI</u>

THE TRIAL COURT ERRED BY OVERRULING THE MOTION TO SUPPRESS EVIDENCE.

{¶8} In his sixth assignment of error, Mr. Jones argues that the trial court erred in overruling his motion to suppress evidence because he did not give officers consent to search his car, and he instead acquiesced to the search based upon the officers' claim of lawful authority.

We conclude that the trial court did not err in finding that Mr. Jones had voluntarily consented to the officers searching his vehicle.

{¶9} The Supreme Court of Ohio has held that:

[a]ppellate review of a motion to suppress presents a mixed question of law and fact. When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard.

(Internal citations omitted.) *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8.

{¶10} "When police conduct a warrantless search, the state bears the burden of establishing the validity of the search. Searches and seizures without a warrant are per se unreasonable except in a few well-defined and carefully circumscribed instances." (Citation omitted.) *State v. Roberts*, 110 Ohio St.3d 71, 2006-Ohio-3665, ¶ 98. One such exception to the warrant requirement arises when officers obtain consent to search. *State v. Posey,* 40 Ohio St.3d 420, 427 (1988), citing *Schneckloth v. Bustamonte*, 412 U.S. 218, 219 (1973). "To rely on the consent exception of the warrant requirement, the state must show by clear and positive evidence that the consent was freely and voluntarily given." (Citations omitted.) *Posey* at 427; *see also State v. Hetrick*, 9th Dist. No. 07CA009231, 2008-Ohio-1455, ¶ 23. Whether consent to a search was voluntarily given is determined by the totality of the circumstances. *State v. Childress*, 4 Ohio St.3d 217 (1983), paragraph one of the syllabus.

{¶11} The trial court made the following findings of fact. In our discussion of Mr. Jones' purported consent, we will accept these findings, as they are supported by competent, credible evidence. *See Burnside* at ¶ 8. On October 14, 2006, a confidential informant reported to the Wooster Police Department that a man would be transporting a large quantity of cocaine to

Wooster. The informant said the man would identify himself as the man's brother, Dearco Jones, and the informant described the vehicle that the man would be driving. A short time later, Officer Brandon Heim of the Wooster Police Department stopped a vehicle matching the description provided by the informant. The driver, Mr. Jones, falsely informed the officer that he was his brother, Dearco Jones, and he provided the officer with Dearco Jones' address, birth date, and social security number.

{¶12} The officer performed a window tint test on Mr. Jones' rear window and gave Mr. Jones a written warning regarding the level of tint. He then told Mr. Jones that he was free to leave, unless there was anything further that the officer should be concerned about. In response, Mr. Jones patted his chest and waist, indicated that there was nothing there, and told the officer that he could look. The officer, along with another officer, Officer Rotolo, who had arrived at the scene, ultimately searched Mr. Jones' car, resulting in the discovery of 43 grams of crack cocaine, 42 grams of powder cocaine, a baggie containing a small amount of cocaine, and $4467 in cash.

{¶13} At the suppression hearing, Mr. Jones admitted telling Officer Heim that he was his brother, Dearco Jones, and admitted providing the officer with his brother's social security number. Mr. Jones explained that he gave the officer his brother's identifying information because he did not have a driver's license. He also remembered Officer Heim telling him that he was "free to go unless [he had] something on [him] that [Officer Heim] should know about." Regardless, Mr. Jones maintained that he did not consent to the search of the car. Instead, Mr. Jones contended that Officer Heim opened the door of his car and told him to get out. However, at the hearing, both officers testified that Mr. Jones had offered to let the officers look in his car, and that Mr. Jones opened the door exited the car.

{¶14} Mr. Jones has argued that he did not voluntarily consent to the search, but he was instead acquiescing to the search based upon the officers' claim of authority. Whether Mr. Jones voluntarily consented depends on whether he or the officers were more credible as witnesses. Officer Heim's and Rotolo's statements about the incident were consistent with each other. Mr. Jones, on the other hand, admitted that he lied to Officer Heim twice about his identity. It, therefore, was proper for the trial court to determine that his testimony was less credible. Based on a review of the totality of the circumstances, we conclude that the trial court did not err in determining that Mr. Jones voluntarily consented to the search of his vehicle. His sixth assignment of error is overruled.

## ASSIGNMENT OF ERROR I

[MR.] JONES'[ ]CHANGE OF PLEA WAS NOT MADE KNOWINGLY, INTELLIGENTLY, AND VOLUNTARILY.

{¶15} Crim.R. 11 provides that, in felony cases, the trial court shall not accept a no contest plea without first addressing the defendant and engaging in a colloquy to ensure that the plea is "knowingly, intelligently, and voluntarily made[.]" *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25-26.

> Under [Crim.R. 11], the trial judge may not accept a plea of guilty or no contest without addressing the defendant personally and (1) [d]etermining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing, (2) informing the defendant of the effect of the specific plea and that the court may proceed with judgment and sentencing after accepting it, and ensuring that the defendant understands these facts, and (3) informing the defendant that entering a plea of guilty or no contest waives the constitutional rights to a jury trial, to confrontation, to compulsory process, and to the requirement of proof of guilt beyond a reasonable doubt and determining that the defendant understands that fact.

(Internal quotations omitted). *Clark* at ¶ 27. *See also* Crim.R. 11(C)(2).

{¶16} "If a trial court fails to literally comply with Crim.R. 11, reviewing courts must engage in a multi-tiered analysis to determine whether the trial judge failed to explain the defendant's constitutional or nonconstitutional rights and, if there was a failure, to determine the significance of the failure and the appropriate remedy." *Clark* at ¶ 30. The failure to explain the constitutional rights set forth in Crim.R. 11(C)(2)(c) renders the plea invalid. *Id.* at ¶ 31. However, if the court "imperfectly explained nonconstitutional rights such as the right to be informed of the maximum possible penalty and the effect of the plea, a substantial-compliance rule applies." *Id.* Under the substantial compliance standard, "a slight deviation from the text of the rule is permissible; so long as the totality of the circumstances indicates that 'the defendant subjectively understands the implications of his plea and the rights he is waiving,' the plea may be upheld." *Id.*, quoting *State v. Nero*, 56 Ohio St.3d 106, 108 (1990).

{¶17} If the trial court has not substantially complied with Crim.R. 11, the reviewing court must determine whether the trial court partially complied or failed to comply. *Clark* at ¶ 32. If the trial court "partially complied, e.g., by mentioning mandatory postrelease control without explaining it, the plea may be vacated only if the defendant demonstrates a prejudicial effect." *Id.* The test for prejudice is "whether the plea would have otherwise been made." *Nero* at 108.

{¶18} Here, Mr. Jones argues that the trial court failed to substantially comply with the mandates of Crim.R. 11 when informing him of certain effects of his plea, including: incorrectly advising him as to the potential sentences on each charge and in total, repeatedly and incorrectly referencing his plea as one of "guilty" instead of "no contest," and failing to make a finding of guilt on the record. We will address these arguments separately.

Potential Sentences

{¶19}  Mr. Jones contends that the trial court conflated and confused the then applicable sentencing criteria for the first degree felony of possession of crack cocaine charge with the third degree felony of possession of cocaine charge.  Mr. Jones further argues that the trial court misinformed him as to the maximum jail sentence he could receive on the misdemeanor charge of falsification and misinformed him as to the potential total maximum term of incarceration.

{¶20}  Pursuant to former R.C. 2929.14(A)(1), to which Mr. Jones was subject, the term of incarceration for a first degree felony conviction was three to ten years.  However, the trial court informed Mr. Jones that "[t]he penalty for a first degree felony is a prison term of one year up to ten years."

{¶21}  We conclude that, although the trial court misinformed Mr. Jones as to the minimum sentence applicable to a first degree felony, Mr. Jones was not prejudiced by this error. He was aware of the maximum potential sentence that he faced on this charge, and he has provided us with no indication that he would not have entered this plea had he been aware that the minimum term of incarceration applicable to a conviction on this charge was three years instead of one year. *See Nero* at 108.

{¶22}  Next, in regard to the third degree felony possession charge, pursuant to the then applicable version of R.C. 2929.14, the term of incarceration for a third degree felony was one to five years.  Mr. Jones argues that the trial court incorrectly referred to the minimum one-year sentence when informing Mr. Jones as to the effect of a conviction on the first degree felony charge, as set forth above, thus conflating the sentencing guidelines between the first and third degree felonies.  However, the trial court clarified at the plea colloquy, "On Count Two you're looking at a prison term of one year up to five years and a mandatory fine of $10,000 and I

believe one-half of that is also a mandatory fine." Mr. Jones indicated that he understood the potential sentence for the third degree felony possession of cocaine charge. Therefore, we conclude that the trial court correctly advised Mr. Jones of the potential term of incarceration applicable to a conviction for the third degree felony charge before Jones entered his plea.

{¶23} Mr. Jones also argues that the trial court erred by advising Mr. Jones that he would be subject to a term of incarceration of up to "six months" on the misdemeanor falsification charge. Pursuant to R.C. 2929.24(A)(1), a trial court may impose a sentence of "not more than [180] days" for a conviction of a first degree misdemeanor. Six months is not the equivalent of 180 days. *See State v. DeSalvo*, 7th Dist. No. 06MA3, 2007-Ohio-1411, ¶ 24 ("Given the fact that some months have 30 days, some have 31, and one has either 28 or 29 days, it is quite unlikely that any 6-month jail term would equal exactly 180 days."). Although we agree that the trial court misinformed Mr. Jones as to the maximum potential sentence on the falsification charge, Mr. Jones has provided no argument that he would not have otherwise entered into the plea had he been aware that the potential sentence was 180 days instead of six months. Accordingly, Mr. Jones has failed to demonstrate prejudice. *See Nero* at 108.

{¶24} Mr. Jones further argues that the trial court failed to correctly inform him as to the total maximum sentence that it could impose. Because he faced convictions for a first degree felony, a third degree felony, and a first degree misdemeanor, Mr. Jones faced a potential term of incarceration of up to fifteen years and one hundred eighty days had the sentences been run consecutively. *See* former R.C. 2929.14(A)(1), (A)(3) (eff. 4-7-07, amended by 2007 S 10) (providing for a maximum sentence of 10 years of incarceration for a first degree felony conviction and a maximum of five years of incarceration for a third degree felony conviction), R.C. 2929.24(A)(1) (providing a 180-day maximum term of incarceration for a first degree

misdemeanor), 2929.14 (C)(4) (permitting court to impose consecutive sentences). However, at the plea hearing, the trial court informed Mr. Jones that "the maximum penalty that the Court can impose in this case is fifteen years." Although we agree that the trial court did not inform Mr. Jones as to the total number of days of incarceration, he has not argued that he would not have entered his no contest plea if the trial court had correctly informed him that the potential maximum sentence was fifteen years and one hundred eighty days instead of fifteen years. Therefore, Mr. Jones again has failed to demonstrate prejudice. *See Nero* at 108.

{¶25} Accordingly, to the extent that Mr. Jones argues that his plea was not voluntarily, intelligently, or knowingly made due to the trial court's failure to specify the potential terms of incarceration in terms of the number of days, we overrule his first assignment of error.

References to "Guilty" Plea

{¶26} Next, Mr. Jones contends that, because the trial court repeatedly referenced his plea as that of "guilty" instead of "no contest," this prevented him from understanding the consequences of a "no contest" plea.

{¶27} Crim.R. 11(C)(2)(b) requires the trial court to inform a defendant that a plea of no contest permits the court to "proceed with judgment and sentence." Because the trial court repeatedly referenced Mr. Jones' plea as a "guilty" plea, he argues that he did not understand that his "no contest" plea would also allow the court to "proceed with judgment and sentence" in the same manner as a guilty plea.

{¶28} During the plea hearing, the Judge engaged in the following exchange with Mr. Jones:

* * *

[TRIAL COURT]: All right. Now have you been promised anything in exchange for your plea of guilty?

MR. JONES: No sir.

[TRIAL COURT]: Anybody promise you anything to get you to plead guilty?

MR. JONES: No sir.

\* \* \*

[TRIAL COURT]: All right.  Do you understand that you have certain constitutional rights that you give up when you plead guilty?

MR. JONES: Yes sir.

[TRIAL COURT]: And that your plea of guilty will result in conviction for these crimes?

MR. JONES: Yes sir.

\* \* \*

{¶29}  However, later during the plea hearing, defense counsel informed the trial court that it had misstated Mr. Jones' plea:

\* \* \*

[TRIAL COURT]: All right.  Now having been advised of your rights and of the penalty that you face, do you still wish to plead guilty?

[DEFENSE COUNSEL]: No Your Honor –

[TRIAL COURT]: Or no contest, I'm sorry.

[DEFENSE COUNSEL]:  –  no contest

[TRIAL COURT]: Plead no contest.

MR. JONES: Yes sir.

\* \* \*

{¶30}  Mr. Jones argues that, based upon the court's repeated references to his "guilty" plea, he did not understand that the trial court could proceed to judgment and sentence upon his entering a "no contest" plea, and thus the trial court failed to comply with Crim.R. 11(C)(2)(b). However, Mr. Jones has not argued that he would not have otherwise entered his plea had the

trial court not misstated it as "guilty" plea. Accordingly, Mr. Jones has failed to demonstrate prejudice. *See Nero* at 108. Therefore, to the extent that he argues that his plea was not knowingly, intelligently and voluntarily made due to the trial court's failure to comply with Crim.R. 11(C)(2)(b), his first assignment of error is overruled.

Finding of Guilt

{¶31} Lastly, Mr. Jones argues that his plea was not knowingly made because the trial court failed to make a finding of guilt on the record at the plea hearing. However, we cannot discern in what way a finding of guilt at the conclusion of the plea hearing would have informed Mr. Jones' decision to plead no contest to the charges, and Mr. Jones has directed us to no authority to support this portion of his argument. Accordingly, to the extent that Mr. Jones argues that his no contest plea was not made intelligently, voluntarily and knowingly because a finding of guilt was not made on the record at the plea hearing, we decline to address that portion of his assignment of error. *See* App.R. 16(A)(7) (requiring appellant's brief to contain citations to authorities on which his argument is based).

{¶32} Accordingly, Mr. Jones first assignment of error is overruled.

**ASSIGNMENT OF ERROR V**

THE TRIAL COURT ABUSED ITS DISCRETION IN REFUSING, WITHOUT A HEARING, TO PERMIT [MR.] JONES TO WITHDRAW HIS PLEA UPON HIS PRE-SENTENCE MOTION.

{¶33} In his fifth assignment of error, Mr. Jones argues that the trial court abused its discretion in denying his motion to withdraw his no contest plea without a hearing.

{¶34} Rule 32.1 of the Ohio Rules of Criminal Procedure provides that "[a] motion to withdraw a plea of * * * no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit

the defendant to withdraw his or her plea." As set forth in the rule, a manifest injustice standard governs post-sentence plea withdrawals. However, where the motion to withdraw comes before sentencing, the trial court should freely and liberally grant the motion. *State v. Xie*, 62 Ohio St.3d 521, 527 (1992).

{¶35} Here, on May 18, 2007, the trial court held a sentencing hearing, and a sentencing entry stemming from this hearing was journalized on May 21, 2007. The trial court held a separate hearing on the forfeiture specifications on June 7, 2007, and a judgment entry stemming from this hearing was journalized on July 18, 2007. On June 11, 2008, the trial court issued another sentencing entry to correct the May 21, 2007 sentencing entry to include that Mr. Jones had pleaded no contest to the forfeiture specifications. On August 21, 2009, Mr. Jones filed a motion requesting the trial court to resentence him because the sentencing entries erroneously set forth that he was subject to "up to three[ ]years of post-release control," when, by statute, the trial court should have sentenced him to a mandatory period of five years of postrelease control. In a response to Mr. Jones' motion, the State agreed that the then existing case-law would require resentencing of Mr. Jones because the error in the postrelease control notification caused his sentencing entry to be "void." The trial court scheduled resentencing for October 28, 2009. On October 27, 2009, Mr. Jones filed his motion to withdraw his no contest plea at issue here. The parties and the trial court proceeded with this motion as a "presentence" motion due to their understanding that Mr. Jones' original sentence was "void" pursuant to the then existing case-law. On the day of resentencing, the trial court ordered that responsive briefs to Mr. Jones' motion be filed before November 12, 2009. On November 12, 2009, the State filed a response to Mr. Jones' motion, arguing that the motion "fail[ed] to state a basis for the withdrawal of his plea," and that he had "failed to file a brief setting forth the basis[.]" On December 1, 2009, the

trial court denied Mr. Jones' motion because "The Court ordered the parties to submit responsive briefs by November 12, 2009. Defendant failed to submit a brief," and because Mr. Jones' motion "fail[ed] to state a basis for the withdrawal of his plea."

{¶36} As set forth above, the parties and the trial court proceeded on Mr. Jones' motion pursuant to the standards applicable to a "presentence" motion. The parties do not argue on appeal that the trial court erred in this regard, nor do the parties' argue that we review this motion under the "postsentence" standards. *See State v. Fischer*, 128 Ohio St.3d 92, 2010-Ohio-6238, ¶ 26 ("when a judge fails to impose statutorily mandated postrelease control as part of a defendant's sentence, that *part* of the sentence is void and must be set aside" (Emphasis sic.)). However, under the facts and circumstances of this case, the categorization of Mr. Jones' motion as presentence or postsentence does not affect the result we reach, as we conclude that, even under the more lenient and relaxed standards applicable to presentence motions, any error in the trial court's failure to hold a hearing on Mr. Jones' motion was harmless. *State v. Wilborn*, 9th Dist. No. 25352, 2011-Ohio-1038, ¶ 16 (finding trial court's failure to hold a hearing on a presentence motion to withdraw a plea amounted to harmless error).

{¶37} Where a defendant files a presentence motion to withdraw a plea, the general rule is that the motion should be "freely and liberally granted." *Id.* at ¶ 8, quoting *Xie* at 527. Even so, it is the defendant's burden to demonstrate "a reasonable and legitimate basis for withdrawing a plea[.]" *State v. DeWille*, 9th Dist. No. 2101, 1992 WL 323896, *1 (Nov. 4, 1992). "One who enters a guilty plea has no right to withdraw it." (Internal quotations and citations omitted.) *Xie* at 526. Although a defendant bears the burden of demonstrating a legitimate basis to withdraw his plea, "[a] trial court must conduct a hearing" to determine whether such a basis exists. (Emphasis added.) *Xie* at paragraph one of the syllabus.

{¶38} Here, the trial court denied Mr. Jones' motion, determining, absent hearing, that Mr. Jones had not provided a rational basis for withdrawing his plea. We conclude that, based upon the facts and circumstances of this case, the trial court's failure to hold a hearing was harmless.

{¶39} In Mr. Jones' motion, he merely set forth that his motion was "made prior to sentencing pursuant to the criminal rules of procedure," and provided no basis for his request to withdraw his plea. In his merit brief, we can discern of only one basis that Mr. Jones argues that withdrawal of his plea would have been proper, namely that the Crim.R. 11 colloquy was "full of mistakes." In support, Mr. Jones refers this Court to his arguments made in his first assignment of error. However, we determined in our discussion of the first assignment of error that Mr. Jones' argument that his plea was not knowingly, voluntarily and intelligently made was without merit.

{¶40} This Court must disregard "[a]ny error, defect, irregularity, or variance which does not affect substantial rights[.]" Crim.R. 52(A); *Wilborn*, at ¶ 9. Here, as we concluded that the basis on which Mr. Jones has relied in support of his motion to withdraw his plea was without merit, we conclude that the trial court's failure to hold a hearing on the motion, under the facts and circumstances of this case, was harmless. *See Wilborn* at ¶ 16. Accordingly, Mr. Jones' fifth assignment of error is overruled.

## ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED PLAIN ERROR BY CONVICTING AND SENTENCING MR. JONES FOR TWO COUNTS OF POSSESSION WHEN THEY WERE ALLIED OFFENSES OF SIMILAR IMPORT, IN VIOLATION OF THE CONSTITUTIONAL PROTECTION AGAINST DOUBLE JEOPARDY AND/OR STATE LAW.

{¶41} In his second assignment of error, Mr. Jones argues that the trial court committed plain error by failing to merge the two counts of drug possession because these offenses were allied offenses of similar import. We disagree.

{¶42} At sentencing, Mr. Jones did not object to the separate sentences on the two possession counts. Where a party has failed to raise an objection in the trial court, the objection may still be assigned as error on appeal if a showing of plain error is made. *State v. Hairston*, 9th Dist. No. 05CA008768, 2006-Ohio-4925, ¶ 9; Crim.R. 52(B). However, notice of a plain error is taken with the utmost caution and only to prevent a manifest miscarriage of justice. *State v. Bray*, 9th Dist. No. 03CA008241, 2004-Ohio-1067, ¶ 12. Therefore, we will not reverse the trial court decision unless it has been established that the trial court outcome clearly would have been different but for the alleged error. *Id.*

{¶43} R.C. 2941.25 provides that,

(A) Where the same conduct by defendant can be construed to constitute two or more allied offenses of similar import, the indictment or information may contain counts for all such offenses, but the defendant may be convicted of only one.

(B) Where the defendant's conduct constitutes two or more offenses of dissimilar import, or where his conduct results in two or more offenses of the same or similar kind committed separately or with a separate animus as to each, the indictment or information may contain counts for all such offenses, and the defendant may be convicted of all of them.

{¶44} This statute "codifies the protections of the Double Jeopardy Clause of the Fifth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution, which prohibits multiple punishments for the same offenses." *State v. Williams*, Slip Opinion No. 2012-Ohio-5699, ¶ 13, quoting *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 23.

{¶45} In *State v. Johnson*, 128 Ohio St.3d 153, 2010-Ohio-6314, ¶ 44, the Ohio Supreme Court held that, in determining whether two offenses are allied offenses of similar

import, "the conduct of the accused must be considered." The court must first determine "whether it is possible to commit one offense and commit the other with the same conduct," and, if so, then "the court must determine whether the offenses were committed by the same conduct, i.e. 'a single act, committed with a single state of mind.'" *Id.* at ¶ 48, 49, quoting *State v. Brown*, 119 Ohio St. 447, 2008-Ohio-4569, ¶ 50 (Lanzinger, J. concurring). If the same conduct constituted both offenses, then they must be merged. *Johnson* at ¶ 50. Failure to merge allied offenses of similar import constitutes plain error, and prejudice exists even where a defendant's sentences are to run concurrently because "a defendant is prejudiced by having more convictions than are authorized by law." *Underwood* at ¶ 31.

{¶46} Here, Count One of the indictment charged Mr. Jones with possession of "Crack Cocaine," in an amount that exceeds 25 grams but is less than 100 grams, in violation of R.C. 2925.11. A violation based upon this quantity of crack cocaine constitutes a first degree felony. Count Two of the indictment charged Mr. Jones with possession of "Cocaine," in an amount that exceeds 25 grams but is less than 100 grams, in violation of R.C. 2925.11. A violation based upon this quantity of cocaine, which is not crack cocaine, constitutes a third degree felony.

{¶47} Mr. Jones essentially argues these two possession offenses were allied offense of similar import, subject to merger, because "there was one act of possession, and one substance in different forms." In addressing this issue in a similar case, the Third District determined that the General Assembly intended to treat possession of crack cocaine and possession of powder cocaine as separate crimes, and such intent is demonstrated by the harsher penalties applicable to possession of crack cocaine than those applicable to powder cocaine under R.C. 2925.11(C)(4). *State v. Siefer*, 3d Dist. No. 5-09-24, 2011-Ohio-1868, ¶ 26; *see also State v. Robinson,* 9th Dist. No. 24269, 2008-Ohio-6632, ¶ 11 (noting that although the U.S. Supreme Court had "discussed

concerns about disparity in sentencing of powder cocaine versus crack cocaine at the federal level, it did not alter federal or state sentencing guidelines or statutes." (Internal quotation omitted.)) Therefore, we find the Third District's determination that the General Assembly intended to treat possession of powder cocaine and possession of crack cocaine as distinct offenses persuasive in the context of this assignment of error. *See Stetter v. R.J. Corman Derailment Servs., L.L.C.*, 125 Ohio St.3d 280, 2010-Ohio-1029, ¶ 35 ("It is not the role of the courts to establish legislative policies or to second-guess the General Assembly's policy choices." (Quotation omitted.))

**{¶48}** Accordingly, we conclude that Counts One and Two of the indictment charged Mr. Jones with distinct and separate offenses which were not subject to merger. Therefore, his second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THE SENTENCING COURT COMMITTED PLAIN ERROR AND/OR THE JUDGMENT ENTRY OF SENTENCING IS CONTRARY TO LAW BECAUSE THE COURT MAY NOT SENTENCE FOR SIX MONTHS ON A MISDEMEANOR 1.

**{¶49}** Mr. Jones argues that the trial court committed plain error in sentencing him to a longer sentence for the falsification charge than is authorized by law. We conclude that this argument is moot.

**{¶50}** The Ohio Supreme Court has held:

[W]here a criminal defendant convicted of a *misdemeanor*, voluntarily satisfied the judgment imposed upon him or her for that offense, an appeal from the conviction is moot unless the defendant has offered evidence from which an inference can be drawn that he or she will suffer some collateral disability or loss of civil rights stemming from that conviction.

(Emphasis sic.) *State v. Golston*, 71 Ohio St.3d 224, 226 (1994), citing *State v. Wilson*, 41 Ohio St.2d 236 (1975), and *State v. Berndt*, 29 Ohio St.3d 3 (1987). In *City of Cleveland Heights v.*

*Lewis*, 129 Ohio St.3d 389, 2011-Ohio-2673, the Ohio Supreme Court clarified that "[t]he completion of a sentence is not voluntary and will not make an appeal moot if the circumstances surrounding it demonstrate that the appellant neither acquiesced in the judgment nor abandoned the right to appellate review, that the appellant has a substantial stake in the judgment of conviction, and that there is subject matter for the appellate court to decide." *Id.* at paragraph one of the syllabus. The Court determined that "a misdemeanant who contests charges at trial and, after being convicted, seeks a stay of execution of sentence from the trial court for the purpose of preventing an intended appeal from being declared moot and thereafter appeals the conviction objectively demonstrates that the sentence is not being served voluntarily, because no intent is shown to acquiesce in the judgment or to intentionally abandon the right of appeal." *Id.* at ¶ 23; *see also State v. Henry*, 9th Dist. No. 25479, 2011-Ohio-3566, ¶ 13.

{¶51} Here, Mr. Jones began serving his sentence on the misdemeanor conviction concurrent with his sentences on the felony convictions in 2008. He has therefore already completed his term of incarceration on the misdemeanor offense about which he raises argument, and he has offered no evidence from which we could infer that he would suffer collateral disability or loss of civil rights stemming from his falsification conviction. *See Berndt* at 4.

{¶52} Further, the circumstances surrounding the misdemeanor conviction indicate that Mr. Jones acquiesced in the conviction. Mr. Jones pleaded no contest to the charges against him in the trial court. As set forth in our recitation of the facts, this Court dismissed Mr. Jones' first attempted appeal for want of a final, appealable order. Mr. Jones then moved the trial court to issue a new sentencing entry and to stay his sentence. On June 11, 2008, the trial court issued a new sentencing entry and issued an order denying Mr. Jones' motion to stay his sentence. Mr. Jones did not file a motion to stay his sentence in this Court.

**{¶53}** Further, Mr. Jones did not challenge on appeal his misdemeanor sentence prior to completing the term of incarceration to which he was sentenced on this count. In *Jones I*, Mr. Jones assigned as error the denial of his motion to suppress and the trial court's ruling on the forfeiture specifications. Mr. Jones raised no argument in regard to the length of his sentence on the falsification conviction.

**{¶54}** Based upon the foregoing, we conclude the Mr. Jones acquiesced in his sentence imposed for the falsification conviction. *See Lewis* at paragraph one of the syllabus. Accordingly, we decline to address the merits of Mr. Jones' third assignment of error, and we overrule this assignment of error as moot.

### ASSIGNMENT OF ERROR IV

[MR.] JONES RECEIVED INEFFECTIVE ASSISTANCE OF COUNSEL RESULTING IN PLAIN ERRORS.

**{¶55}** In his fourth assignment of error, Mr. Jones argues that he received ineffective assistance of counsel. We disagree.

**{¶56}** We must analyze claims of ineffective assistance of counsel under a standard of objective reasonableness. *See Strickland v. Washington*, 466 U.S. 668, 688 (1984); *State v. Bradley*, 42 Ohio St.3d 136, 142 (1989). Under this standard, a defendant must show (1) deficiency in the performance of counsel "so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment," and (2) that the errors made by counsel were "so serious as to deprive the defendant of a fair trial[.]" *Strickland* at 687. A defendant must demonstrate prejudice by showing that, but for counsel's errors, there is a reasonable possibility that the outcome of the trial would have been different. *Id.* at 694. In applying this test, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance[.]" *Id.* at 689. This Court need not address

both the deficiency and the prejudice prongs of *Strickland* if an appellant fails to prove either one. *State v. Ray,* 9th Dist. No. 22459, 2005-Ohio-4941, ¶ 10.

**{¶57}** Here, Mr. Jones argues that his counsel was deficient by failing to alert the trial court to the purported errors set forth in his first, second, and third assignments of error, and for allegedly failing to notify Mr. Jones of the significance of these errors.

**{¶58}** However, in regard to Mr. Jones' first assignment of error, we concluded that he had not demonstrated that his plea was not knowingly, voluntarily, and intelligently made. Therefore, we cannot discern of prejudice to Mr. Jones from his attorney's purported failure to correct the trial court's purported errors at the plea colloquy or from his attorney's alleged failure to advise him of the consequences of entering his plea. *See Ray* at ¶ 10.

**{¶59}** In regard to Mr. Jones' second assignment of error, we concluded that Mr. Jones' two possession convictions were not subject to merger. Therefore, trial counsel was not deficient for failing to raise this issue. Further, we cannot discern the prejudice to Mr. Jones arising from his trial counsel's failure to request that these sentences merge or from defense counsel's purported failure to explain to him the issues raised in the second assignment of error. *See id.*

**{¶60}** In regard to Mr. Jones' third assignment of error, we concluded that, as he has served his sentence on the misdemeanor conviction, his argument as to this conviction is moot. Likewise, to the extent that he argues trial counsel was ineffective for failing to properly advise him as to the issues raised in his third assignment of error, his argument is moot. *See Golston* at 226.

**{¶61}** Lastly, Mr. Jones argues that his trial counsel was ineffective for failing to file a brief in support of his motion to withdraw his plea of no contest and to re-enter a plea of not guilty. In the motion to withdraw the plea, trial counsel noted that the "request is made prior to

sentencing pursuant to the criminal rules of procedure," but provided no basis for the withdrawal of the plea. The next day, the trial court issued an order providing that "[t]he parties shall have until November 12, 2009 to submit responsive briefs" in regard to the motion to withdraw the plea. On November 12, 2009, the State filed a response to the motion which stated that as of that date, Mr. Jones "has failed to file a brief setting forth the basis for his request to withdraw his plea." The State then requested that the trial court deny the motion, or to grant it fourteen days to file a brief should defense counsel file a brief prior to the court ruling on the motion. Defense counsel did not submit a brief, and the trial court denied the motion to withdraw the plea on December 1, 2009, citing the defense's failure to submit a brief or to otherwise provide a basis for the withdrawal of the plea.

{¶62} However, we cannot conclude that defense counsel was deficient for failing to submit a "responsive" brief, as this order would not seem to apply to the movant. Further, as set forth above in our response to Mr. Jones' fifth assignment of error, Mr. Jones has not provided a basis on which he would have been permitted to withdraw his plea. Accordingly, we cannot say that the outcome of the proceeding would have been different had defense counsel submitted a brief in support of the motion, and, thus, Mr. Jones has failed to demonstrate prejudice.

{¶63} Therefore, Mr. Jones' fourth assignment of error is overruled.

### ASSIGNMENT OF ERROR VII

THE TRIAL COURT ERRED, OR COMMITTED PLAIN ERROR, BY
STATING IN THE ENTRY OF SENTENCING, "CREDIT IS GRANTED FOR
2 DAYS OF THE FOREGOING DATE BECAUSE OF TIME SPENT IN
CUSTODY IN THIS CASE PRIOR TO SENTENCING * * *" THEREBY
FAILING TO GIVE PROPER CREDIT FOR TIME SERVED.

{¶64} In his seventh assignment of error, Mr. Jones argues that the trial court committed plain error by granting him only two days of jail-time credit in its April 6, 2012 sentencing entry.

**{¶65}** R.C. 2967.191 provides,

The department of rehabilitation and correction shall reduce the stated prison term of a prisoner or, if the prisoner is serving a term for which there is parole eligibility, the minimum and maximum term or the parole eligibility date of the prisoner by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, and confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term[.]

**{¶66}** Therefore, the Adult Parole Authority has a duty to grant jail time credit. However, the trial court "has a corresponding duty to properly calculate the total number of days credited." *State v. Apple-Wright*, 9th Dist. No. 06CA008865, 2006-Ohio-5805, ¶ 16, citing *State v. Eaton*, 3d Dist. No. 14-04-53, 2005-Ohio-3238, ¶ 9, and *State v. Smith*, 71 Ohio App.3d 302, 303 (10th Dist.1992).

**{¶67}** Here, the 2012 sentencing entry provides that Mr. Jones be credited for two days of jail-time as "of the foregoing date." The "foregoing date" refers the resentencing date of May 18, 2011. The State does not dispute that Mr. Jones is entitled to jail-time credit for his time of incarceration served between 2008 and 2011. Accordingly, to the extent that the trial court determined his jail time credit consisted of two days as of May 18, 2011, the trial court erred. Mr. Jones' seventh assignment of error is sustained, and this matter is remanded to the trial court for determination and correction of Mr. Jones' jail-time credit.

**ASSIGNMENT OF ERROR VIII**

THE TRIAL COURT, HAVING FAILED LEGALLY TO SENTENCE [MR.] JONES WITHIN A REASONABLE TIME, HAS LOST JURISDICTION TO DO SO, AND THE PRESENT SENTENCE MUST BE VACATED.

**{¶68}** In his eighth assignment of error, Mr. Jones argues that the trial court lost jurisdiction to sentence him because it failed to do so within a reasonable time. We disagree.

{¶69} Crim.R. 32(A) provides in part that a sentence "shall be imposed without unnecessary delay." Mr. Jones contends that "the delay between conviction and sentence has been just over five years." Mr. Jones calculated this time as that which elapsed between the trial court's judgment entry reflecting his change of plea on March 30, 2007 until the trial court issued its most recent sentencing order on April 6, 2012. However, Mr. Jones has offered no argument as to why this Court should consider April 6, 2012 as the date that Mr. Jones' sentence was "imposed" for purposes of Crim.R. 32(A), save for that this is the date that a final, appealable sentencing entry was issued.

{¶70} Notwithstanding Mr. Jones' failure to develop this portion of his argument, this court has held that Crim.R. 32(A) does not apply to cases involving resentencing. *State v. Culgan*, 9th Dist. No. 09CA0060-M, 2010-Ohio-2992, ¶ 36, citing *State v. Spears*, 9th Dist. No. 24953, 2010-Ohio-1965, ¶ 19. In so holding, we have "recognize[d] the distinction between a trial court *refusing* to sentence an offender and a trial court *improperly* sentencing an offender." (Emphasis added.) *Culgan* at ¶ 36, quoting *Spears* at ¶ 19. Here, even were we to accept Mr. Jones' premise that sentence was not "imposed" for purposes of the rule until April 6, 2012, such a delay was not due to the trial court's *refusal* to sentence Mr. Jones. Instead, it was due to the trial court's issuance of several sentencing entries which contained errors, and thus due to its *improper* sentencing of Mr. Jones. Accordingly, Mr. Jones' eighth assignment of error is overruled.

III.

{¶71} Mr. Jones' first, second, third, fourth, fifth, sixth, and eighth assignments of error are overruled. Mr. Jones seventh assignment of error is sustained. The judgment of the trial

court is affirmed in part, reversed in part, and this matter is remanded to the trial court for further proceedings consistent with this decision.

> Judgment affirmed in part,
> reversed in part,
> and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Wayne, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed equally to both parties.

_____
CARLA MOORE
FOR THE COURT

WHITMORE, P. J.
DICKINSON, J.
CONCUR.

APPEARANCES:

CLARKE W. OWENS, Attorney at Law, for Appellant.

DANIEL R. LUTZ, Prosecuting Attorney, and NATHAN R. SHAKER, Assistant Prosecuting Attorney, for Appellee.