[Cite as *State v. Benson*, 2017-Ohio-8150.]

| | | |
|---|---|---|
| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO

    Appellee

v.

ROBERT L. BENSON

    Appellant

C.A. Nos.    28527
                 28579
                 28578
                 28577

APPEAL FROM JUDGMENT
ENTERED IN THE
COURT OF COMMON PLEAS
COUNTY OF SUMMIT, OHIO
CASE Nos.    CR 2016-03-0975
                 CR 2016-05-1527
                 CR 2016-08-2783
                 CR 2016-11-3829

DECISION AND JOURNAL ENTRY

Dated: October 11, 2017

TEODOSIO, Judge.

{¶1} Defendant-Appellant, Robert Benson, appeals from the judgment of the Summit County Court of Common Pleas, denying his presentence motion to withdraw his guilty plea. This Court affirms.

I.

{¶2} Mr. Benson was initially indicted in three separate cases. In Case No. 2016-03-0975, he was indicted on charges of receiving stolen property, theft, illegally using or possessing drug paraphernalia, and driving under suspension. In Case No. 2016-05-1527, he was indicted on charges of receiving stolen property, theft, theft from a person in a protected class, and obstructing official business. Finally, in Case No. 2016-08-2783, he was indicted on charges of

burglary, receiving stolen property, possessing cocaine, illegally using or possessing drug paraphernalia, and driving under suspension. The trial court conducted a plea hearing at which Mr. Benson entered guilty pleas in all three cases. The court then set the matter for sentencing, but Mr. Benson failed to appear at the scheduled hearing. Accordingly, the court issued a capias for his arrest. Following the issuance of the capias, Mr. Benson was indicted in a fourth case, Case No. 2016-11-3829, on a single charge of theft.

{¶3} Several weeks later, Mr. Benson came before the trial court again for sentencing on his earlier cases. At the start of the hearing, he made an oral motion to withdraw his guilty pleas, and the State argued in opposition. The court then denied Mr. Benson's motion and imposed a total sentence of four years and three months in prison. After the court imposed his sentence, Mr. Benson indicated that he also wished to resolve his fourth case by way of a guilty plea. The court then accepted his guilty plea and sentenced him, ordering his sentence to run concurrently with the sentence it had already imposed.

{¶4} Mr. Benson filed delayed appeals in each of his four cases. This Court granted his motions for delayed appeal and consolidated his four appeals for purposes of briefing, argument, and decision.

{¶5} Mr. Benson's appeals are now before this Court and raise one assignment of error for our review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S MOTION TO WITHDRAW HIS GUILTY PLEAS.

{¶6} In his sole assignment of error, Mr. Benson argues that the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea. We disagree.

{¶7}     A defendant may move the trial court to withdraw his guilty plea. Crim.R. 32.1. If the motion is made before sentencing, it "should be freely and liberally granted." *State v. Xie*, 62 Ohio St.3d 521, 527 (1992). Yet, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *Id.* at paragraph one of the syllabus. Instead, the trial court must hold a hearing and "determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Id.* "[T]he nature and extent of the hearing is dependent on the particular allegations in an accused's motion and is committed to the sound discretion of the trial court." *Lorain v. Price*, 9th Dist. Lorain No. 96CA006314, 1996 Ohio App. LEXIS 4340, *6 (Oct. 2, 1996). Likewise, the court's decision to grant or deny a presentence motion to withdraw a plea lies within its sound discretion. *Xie* at paragraph two of the syllabus. An abuse of discretion indicates that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶8}     A trial court does not abuse its discretion in denying a presentence motion to withdraw when the following elements are present:

> (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a full hearing on the motion to withdraw the guilty plea * * *.

*State v. Pamer*, 9th Dist. Medina No. 04CA0027-M, 2004-Ohio-7190, ¶ 10.

> [S]everal additional factors which may be relevant * * * include[]:

> "1) whether the state will be prejudiced by withdrawal; 2) the representation afforded to the defendant by counsel; 3) the extent of the Crim.R. 11 plea hearing; 4) the extent of the hearing on the motion to withdraw; 5) whether the trial court gave full and fair consideration to the motion; 6) whether the timing of the motion was reasonable; 7) the reasons for the motion; 8) whether the defendant understood the nature of the charges and potential sentences; and 9) whether the accused was perhaps not guilty or had a complete defense to the charge."

(Internal citations omitted.) *State v. Stopar*, 9th Dist. Summit No. 25828, 2012-Ohio-2177, ¶ 11, quoting *State v. Wheeland*, 9th Dist. Medina No. 06CA0034-M, 2007-Ohio-1213, ¶ 12. "The defendant bears the burden of demonstrating that he has a 'reasonable and legitimate basis for withdrawing [his] plea.'" *State v. Baker*, 9th Dist. Summit No. 27937, 2016-Ohio-8026, ¶ 7, quoting *State v. Jones*, 9th Dist. Wayne No. 12CA0024, 2012-Ohio-6150, ¶ 37.

{¶9} Initially, this Court notes that Mr. Benson has appealed from all four of his judgments of conviction, including the judgment the court issued in Case No. 2016-11-3829. Mr. Benson never filed a motion to withdraw his plea in Case No. 2016-11-3829, however, because his indictment in that case did not arise until after his initial plea hearing. Mr. Benson only pleaded guilty in Case No. 2016-11-3829 after the court sentenced him on his original charges. Thus, the plea he entered in that case was never the subject of a motion to withdraw. To the extent his assignment of error concerns Case No. 2016-11-3829, it is overruled.

{¶10} Mr. Benson moved to withdraw his guilty pleas because he learned that the State no longer intended to recommend a total sentence of two years in prison. The prosecutor acknowledged that the State had initially agreed to recommend a two-year sentence, but noted that its recommendation was contingent upon Mr. Benson appearing at his scheduled sentencing hearing. Because Mr. Benson failed to appear and a warrant had to be issued for his arrest, the State argued that it was no longer obligated to recommend a sentence of two years. Mr. Benson confirmed that the only reason he wanted to withdraw his plea was that the State intended to recommend a lengthier sentence.

{¶11} Mr. Benson argues that the court abused its discretion by denying his motion to withdraw because it failed to conduct a full hearing on his motion or otherwise give full and fair consideration to his motion. He further argues that the State would not have been prejudiced by

the withdrawal of his pleas because all of his charges were recent and the evidence supporting each charge would still have been readily available.

{¶12}  Upon review, this Court cannot conclude that the trial court abused its discretion when it denied Mr. Benson's motion to withdraw.  Mr. Benson does not dispute that he was represented by competent counsel at all relevant times in these proceedings.  *See Pamer*, 2004-Ohio-7190, at ¶ 10.  He also does not dispute that he received a full hearing before entering his guilty pleas.  *See id.*  During the sentencing hearing, both the trial court and the prosecutor recalled that the court had informed Mr. Benson, at the time he entered his pleas, that his failure to appear at sentencing could result in a sentence that differed from the recommended sentence. Mr. Benson did not challenge their recollections and, on appeal, he has not provided this Court with a transcript of his plea hearing.  This Court, therefore, must presume regularity with respect to that proceeding.  *See Baker*, 2016-Ohio-8026, at ¶ 8.

{¶13}  As previously noted, "the nature and extent of the hearing [a court conducts on a motion to withdraw] is dependent on the particular allegations in an accused's motion and is committed to the sound discretion of the trial court."  *Price*, 1996 Ohio App. LEXIS 4340, at *6. Mr. Benson never claimed that his plea was not knowingly, intelligently, or voluntarily entered. He only sought to withdraw it in order to avoid being subjected to a potentially longer sentence, given that he had failed to appear at his scheduled sentencing hearing.  Yet, "a defendant's failure to appear for sentencing voids the terms of an agreed sentence, where, as here, he had been warned of the serious consequences for failing to appear."  *State v. Price*, 1st Dist. Hamilton No. C-030262, 2003-Ohio-7109, ¶ 14.  Given the limited basis for Mr. Benson's motion to withdraw, the trial court reasonably could have determined that a more extensive hearing on his motion was unnecessary.  Further, it reasonably could have concluded that Mr.

Benson failed to set forth "a 'reasonable and legitimate basis for withdrawing [his] plea.'" *Baker*, 2016-Ohio-8026, at ¶ 7, quoting *Jones*, 2012-Ohio-6150, at ¶ 37. As such, Mr. Benson's sole assignment of error is overruled.

III.

**{¶14}** Mr. Benson's sole assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

THOMAS A. TEODOSIO
FOR THE COURT

SCHAFER, P.J.
CARR, J.
CONCUR.


APPEARANCES:

JACOB T. WILL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.