OPINION
{¶ 1} Defendant-appellant Daniel Strebler appeals from his guilty plea for illegal manufacture of drugs, a violation of R.C. 2925.04(A)(C)(2)(e), a first degree felony, that was entered in the Mahoning County Common Pleas Court. The question raised in this appeal is: If a trial court explains the constitutional rights contemplated by Crim. R. 11 but fails to advise the defendant that he waives those rights when he enters a plea of guilty, has the trial court committed reversible error? As we must answer that question in the affirmative for the reasons hereinafter set forth, appellant's plea of guilty is vacated and the cause is remanded for further proceedings.
 STATEMENT OF CASE {¶ 2} On August 3, 2006 an indictment was issued against Strebler for: possession of chemicals used to manufacture a controlled substance with the intent to manufacture, a violation of R.C. 2925.041(A)(C), a second degree felony; illegal manufacture of methamphetamine, a violation of R.C. 2925.04(A)(C)(3)(b), a first degree felony; and child endangering, violation of R.C. 2919.22(B)(6), a third degree felony.
 {¶ 3} The state and Strebler entered into a plea agreement whereby the state moved to dismiss the first and third counts of the indictment and the state would recommend the minimum term of incarceration on the second count of the indictment as long as Strebler timely appeared at all future court proceedings. 06/04/07 Tr. 2-3. Strebler agreed to the plea agreement and pled guilty to the second count of the indictment, illegal manufacture of a methamphetamine. A Crim. R. 11 hearing was held and the guilty plea was entered.
 {¶ 4} Following the guilty plea, Strebler absconded from the court's jurisdiction. Therefore, sentencing did not occur until April 30, 2008. The trial court sentenced Strebler to a term of eight years, all of it mandatory.
 ASSIGNMENT OF ERROR {¶ 5} "THE TRIAL COURT COMMITTED CONSTITUTIONAL ERROR BY ACCEPTING DEFENDANT-APPELLANT'S GUILTY PLEA THAT WAS NOT MADE IN ACCORDANCE WITH OHIO CRIM.R. 11(C), THEREBY DENYING DEFENDANT-APPELLANT HIS RIGHT AND GUARANTEE TO DUE PROCESS OF LAW." *Page 3 
 {¶ 6} To summarize Strebler's argument, he contends that his plea was involuntarily and unknowingly made because although the trial court did instruct him on his constitutional rights as required by Crim. R. 11(C), the trial court did not engage in a colloquy with the defendant to ascertain if he was waiving his constitutional rights or if he understood that by entering the plea he was waving his constitutional rights.
 {¶ 7} Crim. R. 11(C) provides that a trial court must make certain advisements prior to accepting a defendant's guilty plea. These advisements are typically divided into constitutional rights and nonconstitutional rights. The constitutional rights are: 1) the right to a jury trial; 2) the right to confront witnesses against him; 3) the right to have the compulsory process of obtaining witnesses in his favor; 4) the right to have the state prove the defendant's guilt beyond a reasonable doubt at trial, and 5) that the defendant cannot be compelled to testify against himself. Crim. R. 11(C)(2)(c). The trial court must strictly comply with these requirements. State v.Ballard (1981), 66 Ohio St.2d 473, 477. See, generally, Boykin v.Alabama (1969), 395 U.S. 238. See, also, State v. Singh (2000),141 Ohio App.3d 137.
 {¶ 8} The nonconstitutional rights are that: 1) a defendant must be informed of the nature of the charges; 2) the defendant must be informed of the maximum penalty involved; 3) the defendant must be informed, if applicable, that he is not eligible for probation or the imposition of community control sanctions, and 4) the defendant must be informed that after entering a guilty plea or a no contest plea, the court may proceed to judgment and sentence. Crim. R. 11(C)(2)(a)(b); State v. Philpott
(Dec. 14, 2000), 8th Dist. No. 74392, citing McCarthy v. U.S. (1969),394 U.S. 459, 466. For these nonconstitutional rights, the trial court must substantially comply with its mandates. State v. Nero (1990),56 Ohio St.3d 106, 108. Substantial compliance means that under the totality of the circumstances, the defendant subjectively understands the implications of his plea and the rights he is waiving. Id. at 108.
 {¶ 9} The following is the explanation of the constitutional and nonconstitutional rights that the trial court gave:
 {¶ 10} "The Court: You have the right to a jury trial. Twelve individuals would hear testimony in support of the allegation that on or about the 15th day of June of 2006, in Mahoning County, Ohio, you did, along with Chelsie Miller, knowingly manufacturer [sic] or otherwise engaged in the production of methamphetamine, a *Page 4 
Schedule II controlled substance, committed in the vicinity of a juvenile, against the peace and dignity of the State of Ohio.
 {¶ 11} "So the police officer who observed you would come in and testify that they observed the campground site; that, in fact, they had information that you were not in possession lawfully of the campground site, and the child had been in that area, and the evidence found in that campground site, indeed, would produce crystal meth or methamphetamine.
 {¶ 12} "You have the right to remain silent at trial. You do not have to testify against yourself. The State must prove these charges against you beyond a reasonable doubt, and without your cooperation.
 {¶ 13} "You have the right to serve subpoenas upon other individuals to compel them to come into this court to offer testimony that may help your case. That is known as compulsory process of service. After the presentation of all the evidence, the jurors would then be instructed in the law. If all twelve jurors agreed that you did participate in the illegal manufacturing of drugs in Mahoning County in the vicinity of a juvenile, all twelve jurors would vote to find you guilty. Upon a finding of guilty, you are looking at four, five, six, seven, eight, nine, ten years incarceration, mandatory time of no less than four years, but I cannot given more than ten, and a $15,000 fine.
 {¶ 14} "After you are sentenced, you have the right to an appeal. If you cannot afford a lawyer, one would be appointed for you. In addition, all the necessary paperwork for your appeal would be provided to you at no cost.
 {¶ 15} "Upon your release from the penitentiary, you'll be placed on parole for five years. Should you violate any term or condition of your parole, back to the penitentiary you can go for up to one-half of your original sentence.
 {¶ 16} "So if I go along with the plea agreement of four years, when you come out, you will be on parole for five years. If you mess up while you're on parole, you can go back to the penitentiary for two years. Do you understand that?
 {¶ 17} "THE DEFENDANT: Yes, Your Honor.
 {¶ 18} "THE COURT: Is that your signature?
 {¶ 19} "THE DEFENDANT: Yes, Your Honor.
 {¶ 20} "THE COURT: Did you sign that in presence of your lawyer?
 {¶ 21} "THE COURT: Yes, ma'am."
 {¶ 22} "* * * *Page 5 
 {¶ 23} ""THE COURT: You knowingly, intelligently and voluntarily are entering into this plea; is that correct?
 {¶ 24} "THE DEFENDANT: Yes, ma'am."
 {¶ 25} "* * *
 {¶ 26} "THE COURT: What is your plea? Guilty or not guilty?
 {¶ 27} "THE DEFENDANT: Guilty
 {¶ 28} "THE COURT: The Court, having fully advised the Defendant of the effect of his plea, pursuant to Criminal Rule 11, now finds that his plea was freely and voluntarily made with full knowledge of all consequences. The Court finds the Defendant was advised of his Constitutional rights, he understood, waived and rejected them before entering his plea. The Court finds the Defendant understood the effect of the plea, and the Court, upon acceptance, can proceed with judgment and sentencing. The Court accepts the Defendant's plea of guilty to the said charges, and the same is ordered filed. Bond will be continued." (Tr. 4-10).
 {¶ 29} Clearly, the trial court covered all the constitutional rights. Likewise, the trial court substantially advised the defendant of his nonconstitutional rights. Furthermore, it found that the plea was entered into knowingly, voluntarily and intelligently. Strebler's argument and the possible problem here is that before accepting the guilty plea, the trial court did not specifically indicate in any way that by pleading guilty, Strebler was waiving his constitutional rights. Or, in other words, Strebler was not asked if he understood that by pleading guilty he was waiving those rights.
 {¶ 30} The Ohio Supreme Court has explained:
 {¶ 31} "[I]t is important to emphasize that the interest of finality is to be protected when accepting a guilty plea. With that interest in mind, the best method of informing a defendant of his constitutional rights is to use the language contained in Crim. R. 11(C), stopping after each right and asking the defendant whether he understands the right and knows that he is waiving it by pleading guilty. We strongly recommend such procedure to our trial courts.
 {¶ 32} "However, failure to so proceed will not necessarily invalidate a plea. The underlying purpose, from the defendant's perspective, of Crim. R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty. *Page 6 
 {¶ 33} "Accordingly, the basis of Crim. R. 11 is to assure that the defendant is informed, and thus enable the judge to determine that the defendant understands that his plea waives his constitutional right to a trial. And, within that general purpose is contained the further provision which would inform the defendant of other rights and incidents of a trial." Ballard, 66 Ohio St.2d at 479-480 (internal citation omitted).
 {¶ 34} Also, recently the Ohio Supreme Court has stated:
 {¶ 35} "We hold that a trial court must strictly comply with Crim. R. 11(C)(2)(c) and orally advise a defendant before accepting a felony plea that the plea waives (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid." State v. Veney,120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 31.
 {¶ 36} The above holdings seem to indicate that in order to strictly comply with Crim. R. 11(C)(2)(c), the trial court must not only explain the applicable constitutional rights but it must also advise that by entering a guilty plea the criminal defendant is waiving those rights. Thus, considering the above, we find merit with Strebler's argument. While he may have been aware of the constitutional rights, he was not advised that by pleading guilty he was waiving those rights. Admittedly, common sense dictates that if you plead guilty you are not going to receive a trial, require the state to prove the charges, have the right to cross-examination and subpoena witnesses. Consequently, an instruction on the constitutional rights carries an implicit understanding that by entering the guilty plea the criminal defendant is waiving those rights. In fact, Strebler may have understood that by entering the guilty plea he was waiving those rights. However, given the above holdings, we must find that to strictly comply with Crim. R. 11(C)(2)(c) such an instruction about waiving those rights by entering a guilty plea is necessary. The trial court could have easily complied with Veney and Crim. R. 11(C)(2)(c) by merely asking Strebler if he understood that by entering a guilty plea, he was waiving the rights he was advised about.
 {¶ 37} Furthermore, we note that we cannot find that the written plea, which indicated that by entering a guilty plea Strebler was waiving his constitutional rights, could correct the error at the plea hearing. While a written plea agreement cannot stand in the place of the mandated colloquy between the trial court and a defendant, it *Page 7 
has been held that a written plea agreement is a factor to consider when determining whether a court's omission is prejudicial. State v.Gales (1999), 131 Ohio App.3d 56, 62. However, the Supreme Court's decision in Veney clearly indicates that prejudice must be shown to reverse for the non instruction of nonconstitutional rights, but, the failure to advise on the constitutional rights has no prejudice requirement. Veney, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 17-18. Thus, the prejudicial standard used in Gales has no application to the instruction on constitutional rights and thus is inapplicable to the case at hand.
 {¶ 38} For the foregoing reasons, we find merit with Strebler's assignment of error. Accordingly, the plea is vacated for failing to strictly comply with the mandates of Crim. R. 11(C)(2)(c) and the case is remanded to the trial court for further proceedings.
Waite, J., concurs.
DeGenaro, J., concurs. *Page 1