[Cite as *State v. Looby*, 2018-Ohio-842.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

### JOURNAL ENTRY AND OPINION
### No. 105354

### STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

### WILLIAM R. LOOBY

DEFENDANT-APPELLANT

### JUDGMENT:
REVERSED, VACATED, AND REMANDED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-16-604581-C

**BEFORE:**  E.T. Gallagher, J., Keough, P.J., and Stewart, J.

**RELEASED AND JOURNALIZED:**  March 8, 2018

**ATTORNEY FOR APPELLANT**

Paul A. Mancino, Jr.
Mancino, Mancino & Mancino
75 Public Square Bldg., Suite 1016
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Michael C. O'Malley
Cuyahoga County Prosecutor

BY:     Glen Ramdhan
Assistant Prosecuting Attorney
The Justice Center, 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113


EILEEN T. GALLAGHER, J.:

{¶1} Defendant-appellant, William Looby ("Looby") appeals his conviction and sentence. In addition to Looby's five assignments of error, we sua sponte asked the parties to brief a supplemental assignment of error regarding whether the trial court complied with the requirements of Crim.R. 11(C)(2)(c). Based on the record and the parties' supplemental briefs, we find that the trial court failed to comply with Crim.R. 11(C)(2)(c) when it accepted Looby's guilty plea and that the lack of compliance warrants reversal of the trial court's judgment.

### I.    Facts and Procedural History

{¶2} William Looby was charged, along with two codefendants, with three counts of attempted murder, three counts of aggravated arson, three counts of felonious assault, one count of breaking and entering, and one count of illegal manufacturing of drugs. Pursuant to a plea

agreement, Looby pleaded guilty to one count of aggravated arson, one count of arson, and one count of felonious assault. However, before accepting Looby's guilty pleas, the trial court informed Looby of his constitutional and nonconstitutional rights, but never explained that Looby was waiving those rights by pleading guilty. The court sentenced Looby to eight years on the aggravated arson charge, 18 months on the arson charge, and six years on the felonious assault charge to be served concurrently for an aggregate eight-year prison term. Looby now appeals his conviction and sentence.

## II. Law and Analysis

{¶3} As previously stated, we sua sponte asked the parties to consider a supplemental assignment of error regarding whether the trial court complied with the requirements of Crim.R. 11 (C)(2)(a) when it accepted Looby's guilty plea. This issue implicitly includes the ensuing question as to whether the failure to comply with Crim.R. 11(C)(2)(a), if any, necessitates reversal of Looby's convictions.

{¶4} "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). The purpose of Crim.R. 11(C) is to convey relevant information to the defendant so that he or she can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶5} We review the trial court's compliance with the requirements of Crim.R. 11(C) de novo. *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶6} Crim.R. 11(C)(2)(c) provides, in relevant part:

In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally * * * [i]nforming the defendant and determining that the defendant understands that by the plea[,] the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶7} Strict compliance by the trial court is required for the waiver of the constitutional rights set forth under Crim.R. 11(C)(2)(c). *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18. Substantial compliance with the rule is sufficient for the instruction on the nonconstitutional rights set forth in Crim.R. 11(C)(2)(a) and (b). *Veney* at ¶ 14-17.

{¶8} Strict compliance equates to literal compliance with Crim.R. 11(C)(2)(c), though rote recitation of the rule is not required. *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 18, 27 (exact language is preferred, but rote recitation of the rule is not required for strict compliance).

{¶9} Failure to use the exact language contained in Crim.R. 11(C) in informing a criminal defendant of his constitutional rights is not grounds for vacating a plea as long as the record shows that the trial court explained these rights in a manner reasonably intelligible to the defendant. *Id*. at ¶ 18, citing *Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981).

{¶10} Although verbatim language is not required, the Ohio Supreme Court encourages a word-for-word recitation of Crim.R. 11(C) when accepting guilty pleas. In *Ballard*, the court explained that

> it is important to emphasize that the interest of finality is to be protected when accepting a guilty plea. With that interest in mind, the best method of informing a defendant of his constitutional rights is to use the language contained in Crim. R. 11(C), stopping after each right and asking the defendant whether he

understands the right *and knows that he is waiving it by pleading guilty*. We strongly recommend such procedure to our trial courts.

(Emphasis added.)    *Ballard* at 480.

{¶11} During the Crim.R. 11 colloquy, the trial court explained the constitutional rights enumerated in Crim.R. 11(C)(2)(c) to Looby and his codefendants as follows:

THE COURT: As good as the plea bargains might sound to people, nobody is under an obligation to accept them. You're welcome to stay with not guilty and go to trial instead. Right, * * *  Mr. Looby?

DEFENDANT LOOBY: Yes, Your Honor.

*    *    *

THE COURT: And if you go to trial, you always have your lawyers. Can't afford one, one is appointed no cost to you.   Understood, * * * Mr. Looby?

DEFENDANT LOOBY: Yes.

THE COURT: And you know that at trial you're presumed innocent. The burden is on the prosecutor.  They have to come in with evidence.  They have to prove each of the original charges against you with evidence beyond a reasonable doubt.

If there is one or more charges on the list that they cannot prove beyond a reasonable doubt, you would be acquitted and discharged of that count if they couldn't prove to that degree.   Understood,
*    *    *  Mr. Looby?

DEFENDANT LOOBY: Yes.
*    *    *

THE COURT: So at trial you're welcome to take the witness stand in your defense but you have a right to stay off the stand and remain silent.  No one can make you talk or even comment on your silence. *    *    * Understood, Mr. Looby?

*    *    *

DEFENDANT LOOBY: Yes, Your Honor.

THE COURT: And do you understand that you and your lawyer get to cross-examine all the witnesses that the prosecutor brings in here to try to build a case against you[.] * * * You understand that? * * * Do you, Mr. Looby?

DEFENDANT LOOBY: Yes.

THE COURT: Okay. So the other thing you need to know, your lawyer can issue subpoenas to select your witnesses, get them on the witness stand. The Court will enforce those subpoenas to help you get them here to testify for you. * * * Understood, Mr. Looby?

DEFENDANT LOOBY: Yes, Your Honor.

(Tr. 41-45.) After ensuring that the defendants understood each of these constitutional rights, the court explained the nature of the charges and their potential penalties. However, the trial court never expressly stated, or inquired as to whether Looby understood, that by pleading guilty, he was waiving his constitutional rights.

{¶12} In *Veney*, the court held:

A trial court must strictly comply with Crim.R. 11(C)(2)(c) and *orally advise a defendant* before accepting a felony plea *that the plea waives* (1) the right to a jury trial, (2) the right to confront one's accusers, (3) the right to compulsory process to obtain witnesses, (4) the right to require the state to prove guilt beyond a reasonable doubt, and (5) the privilege against compulsory self-incrimination. When a trial court fails to strictly comply with this duty, the defendant's plea is invalid.

(Emphasis added.) *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, at syllabus.

Indeed, the court in *Veney* reaffirmed its prior decision in *Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115, in which the Ohio Supreme Court held:

Prior to accepting a guilty plea from a criminal defendant, the trial court must inform the defendant that he is waiving his privilege against compulsory self-incrimination, his right to jury trial, his right to confront his accusers, and his right of compulsory process of witnesses. (*Boykin v. Alabama*, 395 U.S. 238, followed.)

*Ballard* at paragraph one of the syllabus.

**{¶13}** Common sense dictates that by pleading guilty, the defendant is not going to receive a trial nor require the state to prove the charges beyond a reasonable doubt, and there will be no need to subpoena and cross-examine witnesses. *State v. Strebler,* 7th Dist. Mahoning No. 08 MA 108, 2009-Ohio-1200, ¶ 36. There is an implicit understanding that by entering a guilty plea, the defendant is waiving the rights associated with trial. However, in *Veney* the court held that the court's failure to orally advise the defendant that the plea waives the defendant's constitutional rights renders the plea invalid. *Veney* at syllabus.

**{¶14}** The trial court ensured that Looby understood all of the constitutional rights relative to his right to trial, but neglected to ensure that Looby understood that his guilty pleas constituted a waiver of those rights. Therefore, because the trial court failed to strictly comply with the requirements of Crim.R. 11(C)(2)(c) with respect to the waiver of Looby's constitutional rights, his guilty pleas are invalid.

**{¶15}** We sustain the supplemental assignment of error. Accordingly, the remaining five assignments of error, which relate to nonconstitutional aspects of the plea colloquy and Looby's sentence, are moot.

**{¶16}** The trial court's judgment is reversed, Looby's pleas are vacated, and we remand the case to the trial court for further proceedings.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

EILEEN T. GALLAGHER, JUDGE

KATHLEEN ANN KEOUGH, P.J., CONCURS;
MELODY J. STEWART, J., DISSENTS WITH SEPARATE OPINION

MELODY J. STEWART, J., DISSENTING:

{¶17} The court engaged in a plea colloquy in which it advised Looby of the rights he would have if he went to trial, as opposed to the rights he would waive if he pleaded guilty. As stated in my dissenting opinion to *State v. Miller*, 8th Dist. Cuyahoga No. 105363, a case involving Looby's codefendant Miller who entered his guilty plea in the same plea colloquy as Looby, this was enough to satisfy Crim.R. 11(C)(2)(a). Not only is there no obligation for the court to use "magic" words when explaining the rights that a defendant waives by pleading guilty, we have held that the court does not even have to use the word "waive" when engaging in a Crim.R. 11(C)(2)(a) plea colloquy. *State v. Elmore*, 8th Dist. Cuyahoga No. 56246, 1990 Ohio App. LEXIS 194, 1-2 (Jan. 18, 1990); *State v. Bryant*, 8th Dist. Cuyahoga No. 36778, 1978 Ohio App. LEXIS 9448, 3-4 (Jan. 12, 1978).

{¶18} The court phrased the colloquy in terms of what rights Looby would have if he elected to go to trial. As the majority acknowledges, the trial judge informed Looby that he did not have to plead guilty. He was told that he had a right to trial by jury, or before a judge; a right to confront and cross-examine witnesses; a right to subpoena witnesses; and a right to testify or remain silent. The trial judge told Looby that the state had the burden of proving guilt beyond a reasonable doubt. Looby expressly stated that he understood that he retained all of these rights if he chose not to plead guilty and elected to have a trial. We have, on virtually identical facts, affirmed guilty pleas where the court did not use the word "waive," but as in this case explained

the consequences of a guilty plea in terms of the rights that a defendant would retain by going to trial, rather than the rights the defendant would forego by pleading guilty. *See State v. Valentine*, 8th Dist. Cuyahoga No. 51929, 1987 Ohio App. LEXIS 7205, 3 (May 28, 1987); *State v. Boysaw*, 8th Dist. Cuyahoga No. 52052, 1987 Ohio App. LEXIS 6902, 5 (Apr. 16, 1987); *State v. Hinzman*, 8th Dist. Cuyahoga No. 59062, 1991 Ohio App. LEXIS 4728, 5 (Oct. 3, 1991).

{¶19} Additionally, there is a separate point to be made about Looby's guilty plea: at no point has he claimed that the court erred by failing to ensure that he understood that his guilty plea would waive his trial rights.

{¶20} Looby did not raise the waiver issue in his merit brief. Given that Miller had raised the issue and both defendants entered their guilty pleas in the same plea colloquy, we ordered the parties to file supplemental briefs to address whether the court complied with the requirements of Crim.R. 11(C)(2) when accepting Looby's guilty plea. Looby again did not raise the waiver issue. His only assertion was that "[t]he obvious defect was that [the plea colloquy] was done jointly with multiple defendants who were questioned serially by the court." Appellant's supplemental brief at 1.

{¶21} That appellate counsel could not identify any defect with the court's plea colloquy with respect to Crim.R. 11(C)(2) is telling on the substantive issue.[1] Equally important is that appellate counsel's failure to raise this error on appeal means that this court can reverse only on a

---

[1] Looby did not raise any issues relating to the guilty plea in his merit brief. By acting sua sponte, without any indication from Looby that he actually desires to have his guilty plea vacated, the majority has nullified a favorable plea bargain that Looby may not subsequently receive — Looby is once again facing four counts of attempted murder; five counts of aggravated arson; one count of arson; five counts of felonious assault; breaking and entering; and illegal manufacture of drugs or cultivation of marijuana. The state obviously has no obligation to offer Looby a guilty plea on the same terms, and he is exposed to significantly more prison time should he go to trial and be found guilty. It might be that appellate counsel understood the adverse effects of having the guilty plea vacated and chose not to question its validity. "Appellate lawyers are not obliged to raise issues that could boomerang on their clients; it is no failure of advocacy to leave well enough alone." *United States v. Knox*, 287 F.3d 667, 671 (7th Cir.2002).

showing of plain error. *State v. Rogers*, 143 Ohio St.3d 385, 2015-Ohio-2459, 38 N.E.3d 860, ¶ 22. Regardless of the majority's determination to apply *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, plain error exists for Looby only if there is "a reasonable probability that, but for the error, he would not have entered the plea." *United States v. Dominguez Benitez*, 542 U.S. 74, 83, 124 S.Ct. 2333, 159 L.Ed.2d 157 (2002).

**{¶22}** Nothing in the record shows that Looby would not have pleaded guilty had he been told that his guilty plea would "waive" his Crim.R. 11(C)(2) trial rights. In fact, the majority, citing *State v. Strebler*, 7th Dist. Mahoning No. 08 MA 108, 2009-Ohio-1200, concedes that "common sense dictates that by pleading guilty, a defendant is not going to receive a trial nor require the state to prove the charges beyond a reasonable doubt, and there will be no need to subpoena and cross-examine witnesses." *Ante* at ¶ 13. I would affirm Looby's conviction.