MELODY J. STEWART, J., DISSENTING:
 

 {¶ 17} The court engaged in a plea colloquy in which it advised Looby of the rights he would have if he went to trial, as opposed to the rights he would waive if he pleaded guilty. As stated in my dissenting opinion to
 
 State v. Miller
 
 , 8th Dist. Cuyahoga No. 105363, a case involving Looby's codefendant Miller who entered his guilty plea in the same plea colloquy as Looby,
 this was enough to satisfy Crim.R. 11(C)(2)(a). Not only is there no obligation for the court to use "magic" words when explaining the rights that a defendant waives by pleading guilty, we have held that the court does not even have to use the word "waive" when engaging in a Crim.R. 11(C)(2)(a) plea colloquy.
 
 State v. Elmore
 
 , 8th Dist. Cuyahoga No. 56246,
 
 1990 WL 3168
 
 , 1 (Jan. 18, 1990) ;
 
 State v. Bryant
 
 , 8th Dist. Cuyahoga No. 36778,
 
 1978 WL 217717
 
 , 1 (Jan. 12, 1978).
 

 {¶ 18} The court phrased the colloquy in terms of what rights Looby would have if he elected to go to trial. As the majority acknowledges, the trial judge informed Looby that he did not have to plead guilty. He was told that he had a right to trial by jury, or before a judge; a right to confront and cross-examine witnesses; a right to subpoena witnesses; and a right to testify or remain silent. The trial judge told Looby that the state had the burden of proving guilt beyond a reasonable doubt. Looby expressly stated that he understood that he retained all of these rights if he chose not to plead guilty and elected to have a trial. We have, on virtually identical facts, affirmed guilty pleas where the court did not use the word "waive," but as in this case explained the consequences of a guilty plea in terms of the rights that a defendant would retain by going to trial, rather than the rights the defendant would forego by pleading guilty.
 
 See
 

 State v. Valentine
 
 , 8th Dist. Cuyahoga No. 51929,
 
 1987 WL 11678
 
 , 1 (May 28, 1987) ;
 
 State v. Boysaw
 
 , 8th Dist. Cuyahoga No. 52052,
 
 1987 WL 9864
 
 , 2 (Apr. 16, 1987) ;
 
 State v. Hinzman
 
 , 8th Dist. Cuyahoga No. 59062,
 
 1991 WL 199509
 
 , 3 (Oct. 3, 1991).
 

 {¶ 19} Additionally, there is a separate point to be made about Looby's guilty plea: at no point has he claimed that the court erred by failing to ensure that he understood that his guilty plea would waive his trial rights.
 

 {¶ 20} Looby did not raise the waiver issue in his merit brief. Given that Miller had raised the issue and both defendants entered their guilty pleas in the same plea colloquy, we ordered the parties to file supplemental briefs to address whether the court complied with the requirements of Crim.R. 11(C)(2) when accepting Looby's guilty plea. Looby again did not raise the waiver issue. His only assertion was that "[t]he obvious defect was that [the plea colloquy] was done jointly with multiple defendants who were questioned serially by the court." Appellant's supplemental brief at 1.
 

 {¶ 21} That appellate counsel could not identify any defect with the court's plea colloquy with respect to Crim.R. 11(C)(2) is telling on the substantive issue.
 
 [1]
 
 Equally important is that appellate counsel's failure to raise this error on appeal means that this court can reverse only on a showing of plain error.
 
 State v. Rogers
 
 ,
 
 143 Ohio St.3d 385
 
 ,
 
 2015-Ohio-2459
 
 ,
 
 38 N.E.3d 860
 
 , ¶ 22.
 

 Regardless of the majority's determination to apply
 
 State v. Veney
 
 ,
 
 120 Ohio St.3d 176
 
 ,
 
 2008-Ohio-5200
 
 ,
 
 897 N.E.2d 621
 
 , plain error exists for Looby only if there is "a reasonable probability that, but for the error, he would not have entered the plea."
 
 United States v. Dominguez Benitez
 
 ,
 
 542 U.S. 74
 
 , 83,
 
 124 S.Ct. 2333
 
 ,
 
 159 L.Ed.2d 157
 
 (2002).
 

 {¶ 22} Nothing in the record shows that Looby would not have pleaded guilty had he been told that his guilty plea would "waive" his Crim.R. 11(C)(2) trial rights. In fact, the majority, citing
 
 State v. Strebler
 
 , 7th Dist. Mahoning No. 08 MA 108,
 
 2009-Ohio-1200
 
 ,
 
 2009 WL 684652
 
 , concedes that "common sense dictates that by pleading guilty, a defendant is not going to receive a trial nor require the state to prove the charges beyond a reasonable doubt, and there will be no need to subpoena and cross-examine witnesses."
 
 Ante
 
 at ¶ 13. I would affirm Looby's conviction.
 

 Looby did not raise any issues relating to the guilty plea in his merit brief. By acting sua sponte, without any indication from Looby that he actually desires to have his guilty plea vacated, the majority has nullified a favorable plea bargain that Looby may not subsequently receive-Looby is once again facing four counts of attempted murder; five counts of aggravated arson; one count of arson; five counts of felonious assault; breaking and entering; and illegal manufacture of drugs or cultivation of marijuana. The state obviously has no obligation to offer Looby a guilty plea on the same terms, and he is exposed to significantly more prison time should he go to trial and be found guilty. It might be that appellate counsel understood the adverse effects of having the guilty plea vacated and chose not to question its validity. "Appellate lawyers are not obliged to raise issues that could boomerang on their clients; it is no failure of advocacy to leave well enough alone."
 
 United States v. Knox
 
 ,
 
 287 F.3d 667
 
 , 671 (7th Cir. 2002).