[Cite as *State v. Gheen*, 2018-Ohio-1924.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | CASE NO. 17 BE 0023 |
| V. | ) | |
| | ) | OPINION |
| AUSTIN LEE GHEEN, | ) | AND |
| | ) | JUDGMENT ENTRY |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:      Criminal Appeal from Court of Common
Pleas of Belmont County, Ohio
Case No. 17 CR 60.

JUDGMENT:      Motion to Withdraw Granted.
New Counsel to be appointed.

APPEARANCES:

For Plaintiff-Appellee      Attorney Daniel P. Fry
Prosecutor
Attorney Joseph Vavra
Assistant Prosecutor
147 A West Main Street
St. Clairsville, Ohio 43950
No Brief Filed.

For Defendant-Appellant      Attorney John M. Jurco
P.O. Box 783
St. Clairsville, Ohio 43950

JUDGES:

Hon. Gene Donofrio
Hon. Cheryl L. Waite
Hon. Carol Ann Robb

Dated:  May 10, 2018

PER CURIAM.

{¶1} Defendant-appellant, Austin Gheen, appeals from a Belmont County Common Pleas Court judgment convicting him of burglary following his guilty plea.

{¶2} On March 2, 2017, a Belmont County Grand Jury indicted appellant on one count of burglary, a second-degree felony in violation of R.C. 2911.12(A)(1); and one count of theft, a third-degree felony in violation of R.C. 2913.02(A)(1). Appellant initially entered a not guilty plea.

{¶3} Appellant subsequently entered into a plea agreement with plaintiff-appellee, the State of Ohio. Pursuant to the terms of the plea agreement, the state agreed to amend the indictment so that the burglary charge was reduced from a second-degree felony to a third-degree felony in violation of R.C. 2911.12(A)(3). It also agreed to dismiss the theft count. Appellant then entered a guilty plea to the amended burglary charge.

{¶4} Next, the trial court held a sentencing hearing. It sentenced appellant to 36 months in prison for the burglary conviction. It also sentenced him to 12 months for his violation of postrelease control in another case. The court ordered appellant to serve the sentences consecutively for a total prison sentence of 48 months. Additionally, the court ordered appellant to pay restitution to the victim.

{¶5} Appellant filed a timely notice of appeal on June 2, 2017.

{¶6} Appellant's appointed counsel has filed a no merit brief and request to withdraw pursuant to *State v. Toney*, 23 Ohio App.2d 203, 262 N.E.2d 419 (7th Dist. 1970).[1]

{¶7} This court issued a judgment entry notifying the parties that appellant's counsel had filed a *Toney* brief and advising appellant he had 30 days to file a pro se brief. Appellant did not file a pro se brief. Consequently, we are left only to conduct our own independent review pursuant to *Toney*.

---

[1] On April 23, 2018, this court overruled *State v. Toney*, 23 Ohio App.2d 203, 262 N.Ed.2d 419 (1970) in *State v. Cruz-Ramos*, 7th Dist. No. 17 MA 0077, 2018-Ohio-1583. We held that it is no longer an acceptable practice in this court for counsel to file a *Toney* no-merit brief and motion to withdraw on the ground that the appeal is frivolous. Id. at ¶ 16. But given that the *Toney* brief and motion to withdraw in this case were filed before we released *Cruz-Ramos*, we will still apply the *Toney* procedure in this case.

**{¶8}** In *Toney*, this court set out the procedure to be used when appointed counsel finds that an indigent criminal defendant's appeal is frivolous. The procedure set out in *Toney*, at the syllabus, is as follows:

3. Where a court-appointed counsel, with long and extensive experience in criminal practice, concludes that the indigent's appeal is frivolous and that there is no assignment of error which could be arguably supported on appeal, he should so advise the appointing court by brief and request that he be permitted to withdraw as counsel of record.

4. Court-appointed counsel's conclusions and motion to withdraw as counsel of record should be transmitted forthwith to the indigent, and the indigent should be granted time to raise any points that he chooses, pro se.

5. It is the duty of the Court of Appeals to fully examine the proceedings in the trial court, the brief of appointed counsel, the arguments pro se of the indigent, and then determine whether or not the appeal is wholly frivolous.

* * *

7. Where the Court of Appeals determines that an indigent's appeal is wholly frivolous, the motion of court-appointed counsel to withdraw as counsel of record should be allowed, and the judgment of the trial court should be affirmed.

**{¶9}** Appellant entered a guilty plea in this case. When determining the validity of a plea, this court must consider all of the relevant circumstances surrounding it. *State v. Trubee*, 3d Dist. No. 9-0365, 2005-Ohio-552, ¶ 8, citing *Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463 (1970). Pursuant to Crim.R. 11(C)(2), the trial court must follow a certain procedure for accepting guilty pleas in felony cases. Before the court can accept a guilty plea to a felony charge, it must conduct a colloquy with the defendant to determine that he understands the plea he

is entering and the rights he is voluntarily waiving. Crim.R. 11(C)(2). If the plea is not knowing, intelligent, and voluntary, it has been obtained in violation of due process and is void. *State v. Martinez*, 7th Dist. No. 03-MA-196, 2004-Ohio-6806, ¶ 11, citing *Boykin v. Alabama*, 395 U.S. 238, 243, 89 S.Ct. 1709 (1969).

{¶10} A trial court must strictly comply with Crim.R. 11(C)(2) pertaining to the waiver of federal constitutional rights. *Martinez*, at ¶ 12. These rights include the right against self-incrimination, the right to a jury trial, the right to confront one's accusers, the right to compel witnesses to testify by compulsory process, and the right to proof of guilt beyond a reasonable doubt. Crim.R. 11(C)(2)(c).

{¶11} In this case, the trial court advised appellant of four of the constitutional rights he was waiving by entering a guilty plea. Before accepting appellant's plea, the trial court informed appellant that by pleading guilty he was waiving his right to have the state prove his guilt beyond a reasonable doubt, his right to subpoena witnesses, his right to cross examine witnesses, and his right to remain silent at trial. (Plea Tr. 6). Appellant stated that he understood that he was giving up these rights by pleading guilty. (Plea Tr. 6).

{¶12} But the trial court failed to inform appellant that by pleading guilty he was waiving his right to a jury trial. The trial court only advised appellant that he was waiving his right to a "speedy and public trial." (Plea Tr. 6).

{¶13} The plea form does inform appellant that he is waiving his right to a jury trial. But this does not appear to constitute strict compliance with Crim.R. 11(C)(2)(c). The trial court cannot rely on written pleas to convey the Crim.R. 11(C)(2)(c) rights being waived by pleading guilty. See *State v. Strebler*, 7th Dist. No. 08 MA 108, 2009-Ohio-1200, ¶ 36-37. The trial court's failure to inform a defendant of all five Crim.R. 11(C)(2)(c) rights being waived at the change of plea hearing is reversible error. See *State v. Dosch*, 7th Dist. No. 08 MA 63, 2009-Ohio-6534.

{¶14} For the reasons stated above, counsel's motion to withdraw is granted.

New counsel shall be appointed by this Court to conduct a complete review of this case and file a brief in this matter. The State will then have 30 days within which to respond.

**Judge Gene Donofrio, concurs.**
**Judge Cheryl L. Waite, concurs.**
**Judge Carol Ann Robb, concurs.**