[Cite as *State v. Robinson*, 2019-Ohio-1740.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 29192 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARLON D. ROBINSON | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR-2018-01-0125 |

DECISION AND JOURNAL ENTRY

Dated: May 8, 2019

HENSAL, Judge.

{¶1} Marlon Robinson appeals from the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} A grand jury indicted Mr. Robinson on three counts of rape, one count of kidnapping, one count of abduction, and one count of gross sexual imposition. The State later amended the abduction count to remove any reference to sexual motivation. Mr. Robinson then pleaded guilty to the amended abduction count and, in exchange, the State dismissed the remaining counts. The trial court accepted Mr. Robinson's plea, and the matter proceeded to sentencing.

{¶3} Prior to the sentencing hearing, the State submitted a sentencing memorandum requesting a three-year prison term. At the sentencing hearing, the trial court noted that it was inclined to impose a 30-month sentence. Mr. Robinson then made an oral motion to withdraw

his guilty plea. The trial court denied the motion and sentenced him to 30 months of imprisonment. Mr. Robinson now appeals, raising three assignments of error for our review.

II.

ASSIGNMENT OF ERROR I

THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT DENIED DEFENDANT'S MOTION TO WITHDRAW HIS PRESENTENCE GUILTY PLEA.

{¶4} In his first assignment of error, Mr. Robinson argues that the trial court abused its discretion when it denied his presentence motion to withdraw his guilty plea. We disagree.

{¶5} As the Ohio Supreme Court has stated, a "defendant does not have an absolute right to withdraw a guilty plea prior to sentencing." *State v. Xie*, 62 Ohio St.3d 521 (1992), paragraph one of the syllabus. Instead, "[t]he defendant bears the burden of demonstrating that he has a 'reasonable and legitimate basis for withdrawing [his] plea.'" (Alteration sic.) *State v. Benson*, 9th Dist. Summit Nos. 28527, 28579, 28578, 28577, 2017-Ohio-8150, ¶ 8, quoting *State v. Baker*, 9th Dist. Summit No. 27937, 2016-Ohio-8026, ¶ 7. While "a presentence motion to withdraw a guilty plea should be freely and liberally granted[,]" the trial court's decision in that regard is reviewed for an abuse of discretion. *Xie* at 527; *State v. Pippert*, 9th Dist. Lorain No. 14CA010698, 2016-Ohio-1352, ¶ 16. An abuse of discretion implies that the trial court's attitude was unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶6} "This Court has held that a trial court does not abuse its discretion when considering a motion to withdraw a guilty plea if the following elements are present: (1) the defendant is represented by competent counsel; (2) the trial court provides the defendant with a full hearing before entering the guilty plea; and (3) the trial court provides the defendant with a

full hearing on the motion to withdraw the guilty plea, where the court considers the defendant's arguments in support of his motion to withdraw the guilty plea." *State v. Pamer*, 9th Dist. Medina No. 04CA0027-M, 2004-Ohio-7190, ¶ 10. An evidentiary hearing, however, is not always required, and its nature and extent "is dependent on the particular allegations in an accused's motion and is committed to the sound discretion of the trial court." *Benson* at ¶ 13, quoting *City of Lorain v. Price*, 9th Dist. Lorain No. 96CA006314, 1996 WL 556916, *2 (Oct. 2, 1996). Notably, a trial court's decision to hear and consider arguments on a defendant's motion to withdraw a guilty plea during a sentencing hearing can constitute a full hearing. *See, e.g.*, *State v. Dyke*, 9th Dist. Lorain No. 02CA008204, 2003-Ohio-4788, ¶ 14-20.

{¶7} Mr. Robinson has not argued that his trial counsel was incompetent, or that he did not receive a full hearing prior to entering his guilty plea. Instead, he argues that the trial court erred by not affording him a full hearing on his presentence motion to withdraw his guilty plea. A review of the record, however, indicates that the trial court allowed Mr. Robinson to argue the bases for his motion during the sentencing hearing, and that it considered those arguments. Specifically, Mr. Robinson argued that he "didn't commit the crime[,]" and that he had evidence, which had been disclosed during discovery, to support his innocence. The record indicates that Mr. Robison was referring to the rape counts, which the State had dismissed in exchange for the guilty plea. Regardless, absent any presentation of newly discovered evidence, a defendant's assertion of innocence after entering a guilty plea is not a reasonable and legitimate basis for withdrawing the plea. *State v. Bigelow*, 9th Dist. Medina No. 08CA0072-M, 2009-Ohio-4093, ¶ 8; *State v. Robertson*, 9th Dist. Medina No. 10CA0030-M, 2011-Ohio-4300, ¶ 9. The record further indicates that Mr. Robinson expressed concerns about the possible length of his sentence.

He acknowledged, however, that the trial court explained the potential penalties during the plea hearing.

{¶8} After hearing the arguments, the trial court determined that Mr. Robinson's presentence motion to withdraw his guilty plea was based on the fact that the State requested a maximum sentence in its sentencing memorandum. It, therefore, denied his oral motion and proceeded with sentencing. Having reviewed the record, we conclude that the trial court afforded Mr. Robinson a full hearing on his motion, and that Mr. Robinson failed to set forth a reasonable and legitimate basis for withdrawing his plea. The trial court, therefore, did not abuse its discretion by denying Mr. Robinson's presentence motion to withdraw his guilty plea. Accordingly, his first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR BY ACCEPTING DEFENDANT'S GUILTY PLEA WITHOUT STRICTLY COMPLYING WITH THE REQUIREMENTS CONTAINED WITHIN CRIM.R. 11(C)(2)(C).

{¶9} In his second assignment of error, Mr. Robinson argues that the trial court erred because it failed to strictly comply with the plea-colloquy requirements under Criminal Rule 11(C)(2)(c). Specifically, he argues that the trial court failed to explain to him that, by pleading guilty, he was waiving his constitutional rights, and failed to ask him whether he understood that he was waiving those rights. Based upon our review of the record, we disagree.

{¶10} Criminal Rule 11(C)(2)(c) provides that, prior to accepting a guilty plea, the trial court must:

> [i]nform[] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a

reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

"Because Crim.R. 11(C)(2)(c) deals with the waiver of constitutional rights, strict compliance with the rule is required." *State v. Jordan*, 9th Dist. Summit No. 27690, 2015-Ohio-4354, ¶ 5, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 18. To satisfy the strict-compliance standard, a trial court does not need to use the exact language contained in Criminal Rule 11(C)(2)(c) "so long as the trial court actually explains the rights to the defendant." *Veney* at ¶ 27, citing *State v. Ballard*, 66 Ohio St.2d 473 (1981), paragraph two of the syllabus. "We review whether the trial court strictly complied with Crim.R. 11(C)(2)(c) de novo." *State v. Owens*, 9th Dist. Summit No. 25174, 2010-Ohio-4635, ¶ 7

{¶11} Mr. Robinson concedes that the trial court described the constitutional rights enumerated in Criminal Rule 11(C)(2)(c), and that it ensured that he understood them. But, he argues, the trial court never specifically explained to him that, by pleading guilty, he was waiving his constitutional rights, and it never asked him whether he understood that he was waiving those rights. In support of his argument, Mr. Robinson cites two cases from the Eighth District Court of Appeals that were decided on the same day and involved co-defendants who received the same plea colloquy: *State v. Looby*, 8th Dist. Cuyahoga No. 105354, 2018-Ohio-842 and *State v. Miller*, 8th Dist. Cuyahoga No. 105363, 2018-Ohio-843, *appeal accepted*, 153 Ohio St.3d 1502, 2018-Ohio-4288. In those cases, the trial court never asked the defendants whether they understood that they were waiving their constitutional rights. Rather, the trial court explained the constitutional rights enumerated in Criminal Rule 11(C)(2)(c) in terms of the rights the defendants would have if they went to trial. *Looby* at ¶ 11, *Miller* at ¶ 10. The Eighth District determined that this was error because the trial court did not ensure that the defendants understood that a guilty plea constituted a waiver of those rights. *Looby* at ¶ 14; *Miller* at ¶ 16.

{¶12} Mr. Robinson also cites the Seventh District's decision in *State v. Strebler*, 7th Dist. Mahoning No. 08 MA 108, 2009-Ohio-1200, which the majority opinions in *Looby* and *Miller* relied upon. There, the trial court similarly never asked the defendant whether he understood that he was waiving his constitutional rights by pleading guilty. *Id.* at ¶ 10-29. The Seventh District concluded that the trial court erred by not doing so. *Id.* at ¶ 36.

{¶13} This Court need not decide whether we agree with the analyses from the Seventh and Eighth Districts because this case is readily distinguishable. Here, unlike *Miller*, *Looby*, and *Strebler*, the trial court asked Mr. Robinson if he understood that he was waiving his constitutional rights. For example, the trial court explained to Mr. Robinson that he had a right to a jury trial, and then asked: "Do you understand you're waiving your right to [a] jury trial?" He responded: "Yes, ma'am." Mr. Robinson's merit brief omits this – and other – critical language from the plea colloquy, which renders the case law he relies upon distinguishable and, as a result, unpersuasive.

{¶14} To the extent that Mr. Robinson's argument can be interpreted as suggesting that a trial court must use a specific phrase or wording during the plea colloquy, the Ohio Supreme Court "do[es] not mandate magic words * * *." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, ¶ 48. Rather, "[t]he underlying purpose, from the defendant's perspective, of Crim.R. 11(C) is to convey to the defendant certain information so that he can make a voluntary and intelligent decision whether to plead guilty." *Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, at ¶ 18, quoting *Ballard*, 66 Ohio St.2d 473, at 479-480. The record indicates – and Mr. Robinson concedes – that the trial court explained the constitutional rights enumerated in Criminal Rule 11(C)(2)(c), and ensured that he understood them. The record further indicates

that Mr. Robinson understood that he was waiving those rights. Accordingly, Mr. Robinson's second assignment of error is overruled.

ASSIGNMENT OF ERROR III

THE TRIAL COURT COMMITTED REVERSIBLE AND PLAIN ERROR IN FAILING TO PROVIDE THE DEFENDANT WITH HIS RIGHT TO PROPER ALLOCUTION PRIOR TO THE IMPOSITION OF HIS PRISON SENTENCE IN VIOLATION OF R.C. 2929.19(A) AND CRIM.R. 32(A).

**{¶15}** In his third assignment of error, Mr. Robinson argues that the trial court violated his right to allocution by not personally asking or addressing him to determine whether he wished to make a statement or present information in mitigation of punishment prior to sentencing. Based upon our review of the record, we disagree.

**{¶16}** Criminal Rule 32(A)(1) requires a sentencing court to "[a]fford counsel an opportunity to speak on behalf of the defendant and address the defendant personally and ask if he or she wishes to make a statement in his or her own behalf or present any information in mitigation of punishment." *See also* R.C. 2929.19(A) (requiring a trial court to hold a sentencing hearing and "ask the offender whether the offender has anything to say as to why sentence should not be imposed[.]"). "Both the Ohio Supreme Court and this Court have recognized that a trial court complies with a defendant's right of allocution when it personally addresses the defendant and asks whether he has anything to say." *State v. Daniels*, 9th Dist. Summit No. 26406, 2013-Ohio-358, ¶ 14, citing *State v. Fry*, 125 Ohio St.3d 163, 2010–Ohio–1017, ¶ 186–188.

**{¶17}** Here, after the trial court announced its 30-month sentence at the sentencing hearing, the prosecutor reminded the trial court of Mr. Robinson's right to allocution. The trial court responded: "You're right. I'll let him allocute at this time." The trial court then asked: "Mr. Robinson, what do you want to tell me?" Mr. Robinson then explained why he was not

guilty. After he spoke, the trial court reminded him that he pleaded guilty, and reiterated its 30-month sentence. This satisfied Criminal Rule 32(A). *See Daniels* at ¶ 14. The trial court then journalized its sentence the following day.

{¶18} While Mr. Robinson challenges the timing of the allocution (i.e., after the trial court announced its sentence at the sentencing hearing), his argument in that regard lacks merit. As this Court has recognized, a sentence is "not finalized until the trial court file[s] its sentencing entry and, up until that time, anything it s[ays] about what that sentence would be [i]s tentative." *State v. Maynard*, 9th Dist. Medina No. 07CA0116-M, 2009-Ohio-282, ¶ 45. Relatedly, this Court has recognized that a trial court does not violate a defendant's rights under Criminal Rule 32(A) when it affords the defendant his or her right to allocution after the trial court sets forth the terms of its sentence at the sentencing hearing, but before it journalizes the sentencing entry. *See State v. Brown*, 9th Dist. Summit No. 25287, 2011-Ohio-1041, ¶ 45-46. We, therefore, reject Mr. Robinson's argument as it relates to the timing of the allocution. Based on the foregoing, Mr. Robinson's third assignment of error is overruled.

III.

{¶19} Mr. Robinson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT


CARR, P. J.
SCHAFER, J.
CONCUR.


APPEARANCES:

NEIL P. AGARWAL, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.