[Cite as *State v. Avalos*, 2019-Ohio-4302.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 18CA011428 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| JOSHUA A. AVALOS | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 17CR096186 |

DECISION AND JOURNAL ENTRY

Dated: October 21, 2019

HENSAL, Judge.

{¶1} Joshua Avalos appeals his convictions from the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} Much of the factual background of this case is not relevant for purposes of this Court's disposition of the appeal. What is relevant is that the trial court held a hearing during which Mr. Avalos pleaded guilty to several felony charges. Months prior to the plea hearing, the trial court had been informed that Mr. Avalos was prescribed certain medications to treat his bipolar disorder and depression. There was, however, no discussion of Mr. Avalos's medications during the plea hearing.

{¶3} The trial court accepted Mr. Avalos's guilty plea, found him guilty, and sentenced him to 11 years of incarceration. He now appeals, raising one assignment of error for this Court's review.

II.

ASSIGNMENT OF ERROR

THE LOWER COURT VIOLATED MR. AVALOS'[S] RIGHT TO DUE PROCESS UNDER BOTH THE UNITED STATES AND OHIO CONSTITUTION BY FAILING TO CONDUCT A REASONABLE INQUIRY AS TO THE EFFECTS OF THE PRESCRIBED MEDICATIONS MR. AVALOS WAS TAKING, EVEN WHEN PUT ON NOTICE THAT THE MEDICATIONS MR. AVALOS WAS TAKING AFFECT HIS ABILITY TO UNDERSTAND.

{¶4} In his assignment of error, Mr. Avalos argues that the trial court violated his constitutional rights by failing to conduct a reasonable inquiry as to the effect his medications had on him before accepting his guilty plea. For the reasons that follow, this Court disagrees.

{¶5} "Crim.R. 11(C) sets forth what is required of the trial court in accepting a guilty plea." *State v. Dowdell*, 9th Dist. Summit No. 25930, 2012-Ohio-1326, ¶ 7. It provides that, before accepting a guilty plea, a trial court must personally address the defendant and:

Determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

Inform[] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

Inform[] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

Crim.R. 11(C)(2)(a)-(c). "We review the trial court's compliance with the requirements of Crim.R. 11(C) de novo." *State v. Looby*, 8th Dist. Cuyahoga No. 105354, 2018-Ohio-842, ¶ 5.

3

{¶6} Mr. Avalos argues that "[s]ince the Court failed to inquire as to whether [he] was on prescription medication, the Court's plea colloquy fell short of Criminal Rule 11 compliance as the plea was not knowing, intelligent, and voluntary." In support of his position, Mr. Avalos cites case law for the proposition that, "[i]f a defendant tells the trial court that he is taking medication when he is pleading guilty, then the trial court must ensure that the defendant is competent at the time he is entering his plea." *State v. Doak*, 7th Dist. Columbiana Nos. 03 CO 15, 03 CO 31, 2004-Ohio-1548, ¶ 22; *see also United States v. Parra-Ibanez*, 936 F.2d 588, 595-596 (1st Cir.1991) (holding that once the defendant informed the trial court that he had taken three different medications within 24 hours of the plea hearing, the trial court was obligated to ask further questions in that regard).

{¶7} Here, the record indicates that the trial court was aware that Mr. Avalos was prescribed certain medications for his bipolar disorder and depression. There was, however, no discussion of the medications, or whether Mr. Avalos was taking them, at the plea hearing. Unlike the case law he cites, this is not a situation wherein he told the trial court that he was taking medication that confused him during the plea hearing. *Doak* at ¶ 14; *see Parra-Ibanez* at 595-596. Rather, to accept his argument would require this Court to hold that a trial court, which has been informed at some point during the pretrial process that the defendant has been prescribed medications, must inquire as to whether the defendant is taking those medications, and whether the medications (or absence thereof) are affecting his ability to knowingly, intelligently, and voluntarily plead guilty during the plea hearing. This is not required under Criminal Rule 11(C), or the case law Mr. Avalos cites. Accordingly, he has not established error on appeal. *State v. Mastice*, 9th Dist. Wayne No. 06CA0050, 2007-Ohio-4107, ¶ 7 ("An

appellant has the burden of demonstrating error on appeal."). Mr. Avalos's assignment of error is overruled.

III.

{¶8} Mr. Avalos's assignment of error is overruled. The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

JENNIFER HENSAL
FOR THE COURT

TEODOSIO, P. J.
CALLAHAN, J.
CONCUR.


APPEARANCES:

GIOVANNA V. BREMKE, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and BRIAN P. MURPHY, Assistant Prosecuting Attorney, for Appellee.