[Cite as *State v. Dowdell*, 2012-Ohio-1326.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | C.A. No. 25930 |
| | |
| Appellee | |
| | |
| v. | APPEAL FROM JUDGMENT |
| | ENTERED IN THE |
| JOSHUA P. DOWDELL | COURT OF COMMON PLEAS |
| | COUNTY OF SUMMIT, OHIO |
| Appellant | CASE No. CR 10 01 1086(A) |

DECISION AND JOURNAL ENTRY

Dated: March 28, 2012

CARR, Judge.

{¶1} Appellant, Joshua P. Dowdell, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} On February 5, 2010, the Summit County Grand Jury returned a secret indictment charging Joshua Dowdell with numerous offenses in Case No. CR2010-01-0186. Dowdell pleaded not guilty to the charges at arraignment. Dowdell had a prior criminal case in the Summit County Court of Common Pleas, and Case No. CR2010-01-0186 was assigned to the trial judge who had previously been assigned Case No. CR2008-08-2614. On November 24, 2010, Dowdell pleaded guilty to engaging in a pattern of corrupt activity, a felony of the first degree; three counts of breaking and entering, felonies of the fifth degree; three counts of theft of drugs, felonies of the third degree; two counts of possessing criminal tools, felonies of the fifth degree; and one count of possession of drugs, a felony of the third degree. The remaining

charges were dismissed at the request of the State. Dowdell was sentenced to a total of ten years imprisonment. The trial court issued its sentencing entry on March 18, 2011.

{¶3}  On May 13, 2011, Dowdell filed a motion to file a delayed appeal in Case No. CR2010-01-0186, as well as a notice of appeal. This Court granted the motion for delayed appeal on May 18, 2011.

II.

{¶4}  On August 8, 2011, Dowdell's counsel filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), stating that she had reviewed the record and concluded that there were no assignments of error to be found in this case. Dowdell's counsel also moved to withdraw as counsel of record in this matter.

{¶5}  This Court issued a magistrate's order on August 12, 2011. On September 20, 2011, Dowdell filed a pro se response in which he raises one argument for consideration.

{¶6}  In his response, Dowdell argues that his plea was not knowingly, voluntarily, and intelligently entered because he was on several psychotropic medications at the time of his plea hearing. Dowdell contends that trial counsel informed him at sentencing that the trial court was aware that he had been on "several different prescriptions by several different doctors" at the time of his plea hearing. Dowdell argues because he was on several different medications, the trial court should have ordered an examination and evaluation of his mental health prior to accepting his plea. Dowdell claims that, if he was not under the influence of different medications, he would not have pleaded to a "near maximum sentence[.]"

{¶7}  In order for a plea to be constitutionally enforceable, it must be entered knowingly, voluntarily, and intelligently. *State v. Engle*, 74 Ohio St.3d 525, 527 (1996). Crim.R. 11(C) sets forth what is required of the trial court in accepting a guilty plea.

"Notifications required by Rule 11 are categorized as notifications of constitutional rights and non-constitutional notifications." *State v. Meredith*, 9th Dist. No. 25198, 2011-Ohio-1517, ¶ 4, citing *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 14. Constitutional rights are "the right to a jury trial, the right to confront one's accusers, the privilege against compulsory self-incrimination, the right to compulsory process to obtain witnesses, and the right to require the state to prove guilt beyond a reasonable doubt." *Id*. at ¶ 19. Strict compliance with Crim.R. 11 is required regarding constitutional rights. *Id*. at ¶ 18. "For all other notifications required by Rule 11, however, 'substantial compliance is sufficient.'" *Meredith* at ¶ 4, quoting *Veney* at ¶ 14. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." *State v. Nero*, 56 Ohio St.3d 106, 108 (1990). Dowdell has not alleged a specific violation of Crim.R. 11. Instead, he contends that because the trial court did not order an evaluation of his mental health prior to accepting his guilty plea, his plea was not knowingly, intelligently, and voluntarily entered.

{¶8} "[A] defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently, and voluntarily made must show a prejudicial effect. To demonstrate prejudice in this context, the defendant must show that the plea would otherwise not have been entered." (Internal quotations omitted.) *Meredith* at ¶ 5, quoting *Veney* at ¶ 15.

{¶9} In support of his position, Dowdell cites to the dissent in the Eleventh District's decision in *State v. Richter*, 11th Dist. Nos. 2003-L-065, 2003-L-066, 2004-Ohio-6682, at ¶ 26, where Judge O'Neill argued that the trial court should have engaged in a more stringent inquiry of whether the defendant's plea was knowingly, intelligently, and voluntarily entered when the trial court was aware that the defendant was on various psychotropic medications. Dowdell

further cites to the Fifth District's decision in *State v. Eakin*, 5th Dist. No. 01-CA-00087, 2002-Ohio-4713. In *Eakin*, the court held that, while there was no requirement that the trial court contact the defendant's doctor and verify whether prescription medication inhibited the defendant's ability to understand the proceedings, the trial court did have a duty to ensure that the plea was knowingly, intelligently, and voluntarily entered. *Id*. at ¶ 49.

{¶10} Dowdell has not pointed to anything in the record that would suggest the trial court was aware that he was on several different prescription medications at the time of the November 24, 2010 plea hearing. While trial counsel discussed Dowdell's issues with drug use at sentencing, a review of the plea hearing transcript reveals that the issue of whether Dowdell was using prescription medications did not arise. The trial court did, however, engage in an extensive dialogue with Dowdell at the plea hearing. While the trial court did not ask Dowdell if he was using prescription medications, the trial court did have an opportunity to speak with him and observe his reactions to questions and answers. It is clear from the transcript that Dowdell's answers were responsive and that he comprehended the questions targeted to him by the trial court. Nothing in the transcript would indicate that Dowdell did not understand the implications of his plea and the rights he was waiving. In light of the colloquy between the trial court and Dowdell, we conclude that Dowdell has failed to demonstrate that his plea was not knowingly, intelligently, and voluntarily entered. Any argument which relies on evidence outside the record on appeal would be more appropriate for post-conviction relief proceedings than a direct appeal.

{¶11} Furthermore, upon our own full, independent examination of the record before this Court, we conclude that there are no appealable, non-frivolous issues in this case. *See State v. Lowe*, 9th Dist. No. 97CA006758, 1998 WL 161274 (Apr. 8, 1998).

5

III.

{¶12} Having reviewed the entire record, and concluding that the trial court's proceedings were proper, this Court grants the motion to withdraw and affirms Dowdell's conviction and sentence.

{¶13} The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

_____

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
DICKINSON, J.
CONCUR

<u>APPEARANCES</u>:

JOSHUA DOWDELL, pro se, Appellant.

LEE A. SCHAFFER, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN DIMARTINO, Assistant Prosecuting Attorney, for Appellee.