[Cite as *State v. Harper*, 2024-Ohio-321.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 30523 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MICHELLE J. HARPER | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 19 10 3527 |

DECISION AND JOURNAL ENTRY

Dated: January 31, 2024

CARR, Judge.

{¶1} Appellant, Michelle Harper, appeals the judgment of the Summit County Court of Common Pleas. This Court affirms.

I.

{¶2} This matter arises out of the death of Harper's two-year-old grandson, who died during a sleepover at Harper's apartment in 2019. In relation to the incident, the Summit County Grand Jury returned an indictment charging Harper with a number of offenses, including first-degree felony involuntary manslaughter. Harper pleaded not guilty to the charges at arraignment.

{¶3} The matter proceeded to a jury trial. After the State moved to dismiss certain charges, the jury found Harper guilty on the remaining counts. The trial court conducted a merger analysis and determined that all of the counts merged for sentencing purposes. The trial court imposed a prison sentence of not less than six years and not more than nine years on the count of first-degree felony involuntary manslaughter.

**{¶4}** In December 2022, Harper successfully moved this Court for leave to file a delayed appeal. Now before this Court, Harper raises one assignment of error.

II.

## ASSIGNMENT OF ERROR

APPELLANT'S CONVICTION MUST BE REVERSED BECAUSE OF THE PREJUDICE CAUSED BY JUROR MISCONDUCT.

**{¶5}** In her sole assignment of error, Harper contends that her conviction must be reversed due to juror misconduct. This Court disagrees.

**{¶6}** After the transcript of proceedings was filed in this appeal, Harper filed a motion to supplement the appellate record with her own affidavit, dated June 14, 2023. In the affidavit, Harper averred that, at the time the verdict was announced, she realized that she had a personal history with the jury foreperson. The Court issued a magistrate's order denying the motion on the basis that Harper had failed to demonstrate that the matter to be supplemented was part of the trial court proceedings. Thereafter, Harper filed a motion in trial court requesting that her affidavit be made part of the trial court record. The trial court denied the motion on the basis that Harper's affidavit was not part of the trial court record and, further, that Harper never alerted the trial court to the issue.

**{¶7}** Harper's contention that this case involved juror misconduct is not based in the record before this Court. Instead, Harper's challenge relies entirely on the aforementioned affidavit that is not part of the record in this case. App.R. 9(A)(1) provides that the record on appeal shall consist of "[t]he original papers and exhibits thereto filed in the trial court, the transcript of proceedings, if any, including exhibits, and a certified copy of the docket and journal entries prepared by the clerk of the trial court * * *." Thus, this Court's review "is limited to examination of the transcript from the proceedings, and the remainder of the trial court record,

which includes the evidence admitted at trial, and to some extent, the evidence excluded by the trial court, provided such evidence was proffered, preserving it for [appellate] review." *O'Brien v. Ohio State Univ.*, 10th Dist. Franklin No. 06AP-946, 2007-Ohio-4833, ¶ 6. Because Harper's argument hinges on evidence that lies beyond the scope of the record, she cannot prevail on her assignment of error. To the extent Harper wishes to pursue a claim based on evidence outside the record, her claim may be more appropriate for post-conviction relief. *State v. Dowdell*, 9th Dist. Summit No. 25930, 2012-Ohio-1326, ¶ 10 ("Any argument which relies on evidence outside the record on appeal would be more appropriate for post-conviction relief proceedings than a direct appeal.")

{¶8}    Harper's assignment of error is overruled.

### III.

{¶9}    Harper's assignment of error is overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

————

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to

mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

DONNA J. CARR
FOR THE COURT

HENSAL, P. J.
STEVENSON, J.
CONCUR.

APPEARANCES:

BRIAN J. WILLIAMS, Attorney at Law, for Appellant.

SHERRI BEVAN WALSH, Prosecuting Attorney, and HEAVEN R. DIMARTINO, Assistant Prosecuting Attorney, for Appellee.