[Cite as *State v. Johnson*, 2024-Ohio-2433.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

| STATE OF OHIO | | C.A. No. 30849 |
|---|---|---|
| Appellee | | |
| v. | | APPEAL FROM JUDGMENT ENTERED IN THE |
| MARCELLE JOHNSON | | COURT OF COMMON PLEAS COUNTY OF SUMMIT, OHIO |
| Appellant | | CASE No. CR 2022-11-4111 |

DECISION AND JOURNAL ENTRY

Dated: June 26, 2024

HENSAL, Judge.

{¶1} Marcelle Johnson appeals her convictions by the Summit County Court of Common Pleas. For the following reasons, this Court affirms.

I.

{¶2} The Grand Jury indicted Ms. Johnson for one count of telecommunications harassment, one count of disseminating matter harmful to juveniles, and one count of violating a protection order. She initially pleaded not guilty by reason of insanity. The court ordered an evaluation of Ms. Johnson's competency, but the results were never addressed in court. Ms. Johnson's original counsel eventually withdrew, and the trial court appointed new counsel. The judge originally assigned to the case later recused herself after it was discovered that her spouse was Ms. Johnson's physician. At the final pretrial, Ms. Johnson changed her plea to guilty after agreeing to a plea deal. The trial court sentenced her to 18 months of community control. Ms. Johnson has appealed, assigning three errors.

II.

ASSIGNMENT OF ERROR I

THERE WAS A CLEAR AND REVERSIBLE ERROR WHEN JOHNSON WAS
DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HER COUNSEL
FAILED TO REQUEST AN UNBIASED JUDGE.

{¶3}     In her first assignment of error, Ms. Johnson argues that her counsel was ineffective for failing to ensure that the court was unbiased.  She notes that, after the original judge disqualified herself, the new judge had to address whether she should remain in custody pending trial.  The new judge mentioned during the hearing that she would consult with the former judge about the issue.  According to Ms. Johnson, this resulted in the new judge also being biased against her, which affected the sentence she received.  Ms. Johnson argues that her counsel should have moved for recusal of the second judge.

{¶4}     To prevail on a claim of ineffective assistance of counsel, Ms. Johnson must establish (1) that her counsel's performance was deficient to the extent that "counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment" and (2) that but for his counsel's deficient performance the result of the trial would have been different.  *Strickland v. Washington*, 466 U.S. 668, 687 (1984).  A deficient performance is one that falls below "an objective standard of reasonable representation[.]"  *State v. Bradley*, 42 Ohio St.3d 136 (1989), paragraph two of the syllabus.  A court, however, "must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  *Strickland* at 689, quoting *Michel v. Louisiana*, 350 U.S. 91, 101 (1955).  To establish prejudice, she must show that there existed "a reasonable

probability that, but for [her] counsel's errors, the outcome of the proceeding would have been different." *State v. Sowell*, 148 Ohio St.3d 554, 2016-Ohio-8025, ¶ 138.

{¶5} Upon review of the record, we conclude that Ms. Johnson has failed to establish that she was prejudiced by her counsel's performance. The only prejudice she alleges is that her sentence would have been different if her counsel had asked the second judge to recuse herself. Ms. Johnson, however, agreed to a plea deal with the provision that the State would recommend community control. The court sentenced Ms. Johnson to 18 months of community control out of a maximum of five years. This was less than the two years the State requested. Ms. Johnson has not pointed to anything in the record that would suggest that 18 months of community control was an inappropriate sentence based on her criminal history and the circumstances of the offenses. There is also nothing in the record that indicates that the new judge actually contacted the first one, and the issue of Ms. Johnson's bond was not discussed again before she changed her plea. Ms. Johnson, therefore, has failed to establish that she received ineffective assistance of counsel. Her first assignment of error is overruled.

ASSIGNMENT OF ERROR II

THE TRIAL COURT ERRED IN REFUSING TO ALLOW THE APPELLANT TO MAINTAIN HER PLEA OF NOT GUILTY BY REASON OF INSANITY.

{¶6} In her second assignment of error, Ms. Johnson argues that the trial court should not have allowed her to change her plea. She argues that she was not satisfied with her new counsel, that she disagreed with the amount of investigation he conducted, that she did not understand the case, and that the court never examined whether she was competent. The Ohio Supreme Court has recognized that, "[w]hen a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders

enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527 (1996).

{¶7}   Criminal Rule 11(C) "governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, ¶ 8. Ms. Johnson does not argue that the court failed to comply with that procedure. When asked whether she was satisfied with the advice of her counsel, she answered that she was "[o]kay with it." After the court reviewed her rights, Ms. Johnson answered that she understood them and that she would be waiving them. She then stated that she was pleading guilty to the offenses. After the court found that her pleas were knowingly, voluntarily, and intelligently given, it proceeded to sentencing.

{¶8}   When Ms. Johnson was allowed to speak concerning her sentence, she stated that she did not understand the case. Her explanation that followed, however, clarified that the thing she did not understand was why she was prosecuted for her actions when others were not. She alleged that the victim of her offenses had given her an incurable disease and had also broken a protection order. She alleged that she had called the police multiple times about damage he had caused to her house and that he and his daughter had continuously antagonized her. The prosecutor, however, told her that her complaints were a civil matter. Similarly, although Ms. Johnson alleged at sentencing that no one had looked at the police reports and videos she made, the context establishes that she was referring to law enforcement and was not alleging that her counsel failed to adequately investigate the indicted offenses.

{¶9}   Regarding Ms. Johnson's competency, although she initially pleaded not guilty by reason of insanity, she has not pointed to anything in the record that would suggest she was not competent at the time she entered her plea. Upon review of the record, we conclude that Ms.

Johnson has not established that the trial court erred when it accepted her change of plea. Ms. Johnson's second assignment of error is overruled.

## ASSIGNMENT OF ERROR III

THERE WAS A CLEAR AND REVERSIBLE ERROR WHEN JOHNSON WAS DENIED EFFECTIVE ASSISTANCE OF COUNSEL WHEN HER COUNSEL FAILED TO INVESTIGATE POTENTIAL EVIDENCE THAT WOULD HAVE CAUSED THE DEFENDANT TO ENTER A DIFFERENT PLEA.

{¶10} In her third assignment of error, Ms. Johnson argues that her trial counsel was ineffective for failing to do additional investigation into the allegations. She points to a request for medical, financial, and telephone records that she filed in this appeal, in which she alleged that her attorney refused to fight for her. Ms. Johnson alleges that she did not understand why she had to plead guilty to the offenses and argues that she should have had the opportunity to pursue additional evidence that may have supported her defense.

{¶11} This Court struck the pro se motion that Ms. Johnson submitted because she is represented by counsel. Moreover, this Court's "review on appeal is limited to those materials in the record before the trial court." *State v. McAdory*, 9th Dist. Summit No. 21454, 2003-Ohio-6816, ¶ 34. As this Court has explained, "[a]ny argument which relies on evidence outside the record on appeal would be more appropriate for post-conviction relief proceedings than a direct appeal." *State v. Dowdell*, 9th Dist. Summit No. 25930, 2012-Ohio-1326, ¶ 10; *see State v. Leyland*, 9th Dist. Summit Nos. 23833, 23900, 2008-Ohio-777, ¶ 7 ("[A] claim of ineffective assistance of counsel on direct appeal cannot be premised on decisions of trial counsel that are not reflected in the record of proceedings.").

{¶12} Upon review of the record, we conclude Ms. Johnson has not established that her trial counsel was ineffective for failing to investigate potential evidence. Her third assignment of error is overruled.

III.

**{¶13}** Ms. Johnson's assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.

Judgment affirmed.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

_____
JENNIFER HENSAL
FOR THE COURT

STEVENSON, P. J.
CONCURS.

CARR, J.
DISSENTING.

{¶14} I respectfully dissent. In discussing Ms. Johnson's bond, the newly assigned judge said she was unfamiliar with the circumstances in the case. Ms. Johnson's attorney specifically said the judge should get in touch with the other court that had recused itself and the judge agreed.

{¶15} The following discussion occurred at a pretrial:

[The Court]: I will take the issue of modification of bond under advisement. I need to get some information about precisely – I'm behind the eight ball here. I don't know anything about the allegations here. I don't know what was allegedly said or done – in order to make an intelligent decision.

[Defense Counsel]: I think that, thank you for that. That may be something to talk – between Rebecca and Aja you may be able to get more detail from the other Court.

[The Court]: We'll see if I can get in touch with [the prior judge] on that as well.

{¶16} Although we do not know from the record whether those conversations ever took place, it nonetheless gives the appearance of impropriety due to the perceived lack of fairness to Ms. Johnson.

{¶17} I am also concerned about the fact that there is no record of the results, or discussion on the record about the results, of Ms. Johnson's competency test.

{¶18} Under the unique circumstances of this case, I would remand the matter to the court below for further proceedings including the assignment of a new judge to allow Ms. Johnson to vacate her plea of guilty.

APPEARANCES:

STEPHEN M. GRACHANIN, Attorney at Law, for Appellant.

ELLIOT KOLKOVICH, Prosecuting Attorney, and C. RICHLEY RALEY, JR., Assistant Prosecuting Attorney, for Appellee.